## Commonwealth *v.* Coe, Appellant.

Submitted March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

 

*Hugh S. Rebert,* Assistant Public Defender, for appellant.

*D. Reed Anderson,* First Assistant District Attorney, and *Donald L. Reihart,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., April 3, 1974:

Appellant was charged with rape, tried by the court sitting without a jury, found guilty as charged, and sentenced to imprisonment for not less than 4 nor more than 8 years. The issues raised by appellant in this appeal are whether the verdict was against the weight of the evidence and whether the evidence was sufficient to establish appellant's guilt beyond a reasonable doubt.

A brief review of the testimony will show why the lower court was correct in dismissing appellant's motion. At trial, the prosecutrix testified that on April 10, 1972, at approximately 12:30 p.m., the appellant entered her car while she was backing out of a parking space. She said he pointed a knife with a white-pearl handle and a 6" blade at her side and told her to act normal. He instructed her to drive to a deserted dirt road in a wooded area. Once there, the appellant ordered her to remove her undergarments and go to the backseat of the car. All this time the knife was pointed at her side. The appellant then joined the prosecutrix in the backseat and told her to look out the back window while he proceeded to have intercourse with her. After the act was completed, the appellant drove the victim to her hometown and left her near her apartment. While he was driving, the appellant held the knife in one of his hands. Before he released her, the appellant told her that he would return the car that night since by then he would know whether she had called the police.

Within an hour of her release, the prosecutrix notified the police. That night, a police officer apprehended the appellant as he was leaving the prosecutrix's car 150 yards from her apartment. Appellant was placed under arrest, and a search of his person revealed a knife with a white-pearl handle. No testimony was offered on behalf of appellant.

It is obvious that the sole issue in this case was credibility. That matter was passed on by the trier of fact as was the weight to be given it. The finding of the judge, sitting without a jury, was supported by the record and entitled to the same weight as a jury verdict. *Commonwealth ex rel. Epps v. Myers*, 197 Pa. Superior Ct. 145, 177 A.2d 28 (1962). Under such circumstances we will not disturb the trial court's discretion in refusing to grant a new trial on the basis that the verdict was against the weight of the evidence. *See Commonwealth v. Zapata*, 447 Pa. 322, 290 A.2d 114 (1972), and cases therein cited. In determining whether the evidence was sufficient to support the guilty verdict, we accept the Commonwealth's evidence as true, including all reasonable inferences therefrom. *Commonwealth v. Portalatin*, 223 Pa. Superior Ct. 33, 297 A.2d 144 (1972). So viewed, the finding of a forceful rape was adequately supported.

Judgment affirmed.