## Commonwealth v. Cowan

*William F. Morgan*, *Assistant District Attorney*, for Commonwealth.
*Edward G. Petrillo*, for defendant.

WOLFE, *P.J.*, April 12, 1978—Defendant has filed an application to quash an approved indictment charging him with violation of section 901 of the Pennsylvania Crimes Code of December 6, 1972, P.L. 1482, 18 Pa.C.S.A. §901.

A motion to quash is now procedurally handled under Rule 304 of Pennsylvania Rules of Criminal Procedure, "Pre-trial Applications for Relief," which includes a motion to quash an indictment.

By an unusual procedure the district attorney and defense counsel have agreed and did stipulate a written statement of facts to the court in support of their respective arguments. We believe this to be unusual in that a motion to quash either rises or falls upon the face of the record as a matter of law and not as a matter of fact. If the indictment shows that no law has been violated then it is the duty of

the court to grant the motion; otherwise if the grand jury has found a crime has been committed and there is probable cause to compel defendant to stand trial, the indictment cannot be summarily dismissed by the court unless there is a fatal defect on the face of the indictment.

Nonetheless, the motion is before us and we will resolve it without the benefit of any cases interpreting the sections of the Crimes Code involved, which are:

"Section 901. Criminal Attempt (a) Definition of Attempt—A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step towards the commission of that crime." [18 Pa.C.S.A. §901] "Section 2904. Interference with Custody of Children (a) Offense Defined—A person commits an offense if he knowingly or recklessly takes or entices any child under the age of 18 years from the custody of its parent, guardian, or other lawful custodian, when he has no privilege to do so." [18 Pa.C.S.A. §2904]

The stipulated facts urgent to our decision are verbatim as follows:

"That on or about January 12, 1978, Defendant, Michael W. Cowan appeared at Youngsville High School and spoke to Mr. Felix Matthews, Principal, stating Defendant had come to the principal's office to get Heather Jukes out of school and Defendant indicated to the principal that Mrs. Jukes (Heather's mother) was ill and had requested Defendant to bring Heather home. Heather is sixteen (16) years old and was in attendance in high school at the time. Defendant, at the request of the principal, gave Mr. Matthews his name and was courteous

and polite. Defendant didn't claim any relationship of any kind to Heather. Principal Matthews informed Defendant he would call Mrs. Jukes to verify the situation, and asked to be excused for that purpose. He left the office and called Mrs. Jukes out of the presence of Defendant. Mrs. Jukes informed Principal Matthews she was well and had not authorized anyone to take Heather out of school. When Principal Matthews returned to his office where he had left Defendant, Defendant was not there and Principal Matthews assumed he had become frightened and left. He thereupon called the Youngsville Police and informed Chief Watrous of the incident and gave the Chief Defendant's name."

The balance of the stipulation, in substance, is that the juvenile and defendant were acquainted and defendant had conversed with the juvenile at her house out-of-doors in the evening; that on the date in question defendant had been drinking and had gone to the school to advise the juvenile that a developing amorous interest she had in him would have to cease.

Defendant argues he cannot be liable under the charge of attempt to interfere with the custody of the child because the school did not have "legal custody" over the child at the time defendant requested her removal. Defendant argues the school did not have custody of the child and therefore he cannot be liable. We agree with defendant the school did not have "legal custody" as that concept is understood in our system of jurisprudence and the mother did not relinquish custody to the school authorities simply because she sent her child to school, which she is legally bound to do. Defendant

argues because his conduct occurred at the school property and the school did not have legal custody, he did not commit any crime, notwithstanding at the same time he argues the mother maintains legal custody. We do not accept this contradictory double standard.

Specifically, defendant is charged with an attempt to entice the child from the custody of her parents and/or the Youngsville High School acting in loco parentis by requesting the principal to turn the child over to defendant's custody. The indictment charges that his conduct constitutes a substantial step towards the commission of the crime of interference with the custody of children.

Section 2904(a) does not per se define "entice." Black's Law Dictionary, 4th edition, at 626, defines "entice": "To wrongfully solicit, persuade, procure, allure, attract, draw by blandishment, coax or seduce."

Accepting the stipulation filed at face value, there can be no doubt defendant attempted to remove the child from the custody of her mother by a persuasion, lure or inducement that her mother was ill and he had been requested to bring the child to her. Simply because the attempted communication to consummate the enticement was made through the school principal did not take it out of the scope of an attempt to interfere with the child's custody.

Finally, defendant argues he had no intent to violate the law. Clearly on a motion to quash we cannot determine the issue of intent as that is for the fact finders.

For the foregoing reasons we find there is no fatal or substantive defect on the face of the indictment and the stipulated facts corroborate the indictment

in that defendant attempted to entice a child from the mother's custody and enter the following

ORDER

And now, April 12, 1978, the motion to quash is denied.