398 A.2d 694

**COMMONWEALTH of Pennsylvania**

v.

**Frederick L. JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided Feb. 23, 1979.

Charles E. McClafferty, Philadelphia, for appellant.

Edward G. Rendell, District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, HESTER and HOFFMAN, JJ.

HESTER, Judge:

Appellant was tried and convicted, in a non-jury trial, of kidnapping a person under the age of 14, unlawful restraint, interference with the custody of a child, and possession of an

instrument of crime. Post-verdict motions were denied and appellant was sentenced to a term of 2–5 years in prison. This appeal followed.

Appellant asserts that the lower court should have granted his motion for a new trial and motion in arrest of judgment. He argues that the evidence adduced was "insufficient" to support his conviction. In support of this, appellant contends that the key Commonwealth witnesses contradicted each other to such an extent as to render their testimony worthless.

This argument does not relate to "sufficiency" of the evidence. Appellant does not contend that the Commonwealth failed to satisfy its burden of proof as to any of the elements of the crimes, if we believe all the evidence. Rather, he contends that the testimony received was too contradictory and incredible to warrant his conviction. This relates only to the evaluation of the evidence by the factfinder. It was the province of the court, acting as finder of fact, to pass upon the credibility of the witnesses, to resolve any conflicts in their testimony and to determine the weight to be accorded that testimony. *Commonwealth v. Rambo*, 250 Pa.Super. 314, 378 A.2d 953 (1977); *Commonwealth v. Murray*, 460 Pa. 605, 334 A.2d 255 (1975); *Commonwealth v. Agie*, 449 Pa. 187, 296 A.2d 741 (1972).

Thus, absent some abuse of discretion in resolving the inconsistencies in the testimony, we will not disturb the factfinder's determination. *Commonwealth v. Coe*, 226 Pa. Super. 594, 323 A.2d 213 (1974).

The conflicts in testimony about which appellant complains were satisfactorily discussed and resolved by the lower court. They concerned inconsistencies between the testimony of three Commonwealth witnesses: Mrs. Fluellen, guardian of the kidnapped child; Gerald Ashley, co-defendant with appellant; and Officer Rush, who found the child. Ashley and Fluellen were in the house when the kidnapping (and other crimes) took place.

Mrs. Fluellen testified that she saw only Mr. Matunda (another co-defendant) with a gun (N.T. 75). Ashley testified that the appellant and Matunda had guns (N.T. 102). Mrs. Fluellen testified that the appellant removed the child from the house (N.T. 75). Ashley testified that it was Matunda who took the child (N.T. 123).

Mrs. Fluellen testified that the child's name was "David Holden" (N.T. 45). Officer Rush testified that the child's name was "David Jones" (N.T. 139).

These inconsistencies were not fatal to the Commonwealth's case. Clearly, the court was within its discretion to believe the testimony of one witness and disregard other testimony. Appellant has not demonstrated that the court's evaluation of the testimony was an abuse of discretion. Thus we must affirm the denial of the post-verdict motions.

Judgment of sentence affirmed.