## Commonwealth v. Thrush

*Kevin A. Hess, First Assistant District Attorney,* for Commonwealth.
*Ellen M. Burgraff,* defendant.

SHUGHART, *P.J.,* September 11, 1980 — Defendant, Robert Bruce Thrush, was arrested on January 30, 1980, and charged with violating §2904 of the Crimes Code of December 6, 1972, as amended, 18 Pa.C.S. §101 et seq., for allegedly interfering with the custody of Ann Marie Worthington. The facts, as stipulated, giving rise to this charge are as follows.

Defendant is the uncle of Ann Worthington, who is ten years old and was a fourth grade student at the Newville Elementary School at the time this incident took place. At approximately 11:00 a.m. on January 10, 1980, a secretary of the Newville Elementary School received a telephone call from an unidentified male and was advised by him that he would be at the school in approximately one-half hour to pick up Ann for a dentist appointment. Unknown to the school secretary, Ann did not, in fact, have a dentist appointment. Approximately one-half hour later, defendant arrived at the school and met Ann in the school office. Ann, voluntarily and with the consent of the school secretaries, exited

the school building with defendant and proceeded to his car which was parked on the school parking lot. After both defendant and Ann got into the car, defendant drove the car from the school parking lot to an area where the school buses normally load and unload the students, a distance of approximately 125 feet. While in the car, Ann challenged defendant by asking him if she did in fact have a dentist appointment. He replied that she did not. She then got out of the car and returned to her classroom. The total time that Ann was in the car did not exceed one minute. At no time during the incident did defendant attempt to harm Ann. In addition, defendant made no effort to stop her when she got out of the car, although he did tell her not to tell anybody about what happened.

Ann, disregarding defendant's request, later informed her parents of the incident, and they, in turn, contacted the state police. Following an investigation by the state police, defendant was charged with the offense. Since there were no material issues of fact in this case, a hearing was waived and the facts were stipulated. Following the stipulation, briefs were filed and the case is ripe for decision.

Section 2904 of the Crimes Code is derived from §212.4 of the Model Penal Code and provides as follows:

(a) Offense defined. —A person commits an offense if he knowingly or recklessly takes or entices any child under the age of 18 years from the custody of its parent, guardian or other lawful custodian, when he has no privilege to do so.

Defendant, relying on the comments to §212.4 of the Model Penal Code, argues that in order for there to be a violation of §2904 there must be *substantial*

interference with custody. He argues further that his conduct did not constitute substantial interference. The adjective "substantial" appears nowhere in §2904. It does appear, however, in the comments to §212.4 of the Model Penal Code, but these comments were not adopted by our legislature when it passed §2904 of the Crimes Code. However, even if defendant's argument that the interference required by §2904 must be substantial is accepted, his contention that the facts in this case do not constitute substantial interference must be rejected.

In enacting §2904, the legislature was focusing primarily on the problem of "parental kidnapping." This problem typically arises when the losing parent in a custody contest takes the child and refuses to return him to the parent with permanent custody. Rather than subject the offending parent to severe penal sanctions for kidnapping, which is a felony, the legislature enacted §2904 which describes the offense as an "interference with custody of children" and grades it a misdemeanor. The legislature obviously felt that a parent, acting on emotion rather than on detached reflection, is not as culpable as the typical kidnapper, and thus should not be subjected to the sanctions provided for kidnapping. Although the usual case has been characterized as involving a parent, it is clear that a similar situation is presented whenever any person who is favorably disposed to the child acts under similar circumstances—that is under an emotional strain arising out of a custody dispute.

Defendant in the case at bar is not a parent of the child, but he is her uncle. However, there is nothing in the record to suggest that he has a close relationship with her, nor has he ever been involved in a

dispute over her custody. In short, there is no reasonable explanation for defendant's interference. Defendant admittedly deceived the school personnel into placing the child in his custody and deceived the child into coming with him. Under these circumstances, and assuming *arguendo* that the interference required under §2904 must be substantial interference, we find defendant guilty of interfering with the custody of a child, the offense being completed the moment defendant left the school building with the child.

Although a different result might have obtained if defendant were a parent of the child or a person with an equivalent relationship, it is clear that where, as here, defendant has no color of right to the custody of the child, any interference such as that in this case must be considered substantial. In addition, even if defendant is not guilty of the completed offense, he is at least guilty of an attempt to commit the offense.*

## ORDER

And now, September 11, 1980, for the reasons stated in the opinion filed this date, defendant is found guilty of interfering with the custody of a child, a misdemeanor of the second degree. It is directed that the probation office prepare a presentence investigation after which the district attorney shall summon defendant for sentence.

---

*Section 901 of the Crimes Code of December 6, 1972, as amended, 18 Pa.C.S. §101 et seq.