599 A.2d 1329

**COMMONWEALTH of Pennsylvania**

v.

**Rena Mae RODGERS, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 27, 1991.

Filed Oct. 24, 1991.

Reargument Denied Dec. 31, 1991.

342

John W. Packel, Asst. Public Defender, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before DEL SOLE, TAMILIA and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from the judgment of sentence for interference with custody of children and conspiracy to interfere with custody of children. Appellant contends that (1) the evidence was insufficient to support the convictions for either charge; and (2) the trial court erred by admitting appellant's post-arrest statement into evidence because the Commonwealth failed to establish the *corpus delicti* of any of the crimes charged. For the following reasons, we vacate the judgment of sentence and order appellant discharged.

During the week of March 13, 1988, appellant agreed to allow four individuals to sell drugs out of her apartment, in exchange for drugs and money to pay her bills. (N.T., May 9, 1990, at 11–12). According to the Commonwealth's witness,[1] three minor boys were put to work selling drugs to customers who came to appellant's front door. (N.T., May 9, 1990, at 2–24). Eventually, two of the three boys were murdered. The surviving boy led the police to appellant's apartment, where she was arrested and charged with coercion, interference with custody of children, and conspiracy to interfere with custody of children. Appellant was convicted of three counts of interference with custody of children and one count of conspiracy following a non-jury trial on May 9, 1990. Appellant was sentenced to four terms of eleven-and-one-half-to-twenty-three-months incarceration, to be served concurrently. Following the denial of appellant's timely post-trial motion, this timely appeal followed.

Appellant first contends that the evidence was insufficient to support her conviction for interference with custody of children. The test for reviewing a sufficiency claim is well-settled:

> whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner and drawing all proper inferences favorable to the Commonwealth, the jury could reasonably have determined all elements of the

---

1. The Commonwealth presented the testimony of four witnesses, only one of which was an eyewitness to the events surrounding appellant's conviction.

crime to have been established beyond a reasonable doubt.

*Commonwealth v. Hardcastle,* 519 Pa. 236, 246, 546 A.2d 1101, 1105 (1988) (citations omitted), *cert. denied,* 493 U.S. 1093, 110 S.Ct. 1169, 107 L.Ed.2d 1072 (1990). *See also Commonwealth v. Jackson,* 506 Pa. 469, 472–73, 485 A.2d 1102, 1103 (1985); *Commonwealth v. Brady,* 385 Pa.Super. 279, 282, 560 A.2d 802, 804 (1989).

Section 2904 of the Pennsylvania Crimes Code, which defines interference with custody of children, provides, in relevant part:

(a) **Offense defined.**—A person commits an offense if he knowingly or recklessly takes or entices any child under the age of 18 years from the custody of its parent, guardian or other lawful custodial, when he has no privilege to do so.

.    .    .    .    .

(c) **Grading.**—The offense is a felony of the third degree. . . .

18 Pa.C.S.A. § 2904. "In enacting § 2904, the legislature was focusing primarily on the problem of 'parental kidnapping.' " *Commonwealth v. Thrush,* 23 Pa. D. & C. 3d 302, 305 (Cumberland County 1980). Moreover, the analogous Model Penal Code section, from which the Pennsylvania provision is derived, *Commonwealth v. Chubb,* 3 Pa. D. & C. 3d 676, 679 (Cumberland County 1977), notes that the primary interest sought to be protected by this provision is that of the custodial relationship. Model Penal Code § 212.4 Comment.

█ Very few cases have provided an opportunity for our courts to examine this offense, but a review of the few decided cases reveals that the Commonwealth has not carried its burden with respect to all elements of the offense. First, it has not presented evidence that appellant took or enticed the three minors. Second, it has not shown that there was a substantial interference with parental custody.

A "taking" from custody "connotes a substantial interference with parental control." Toll, *Pennsylvania Crimes*

*Code Annotated,* § 2904, at 348. Although no case has assigned a specific definition to "taking," it appears that an affirmative physical removal of the child is necessary. *See, e.g., Commonwealth v. Stewart,* 375 Pa.Super. 585, 544 A.2d 1384 (paternal grandparents removed children from mother while aware that she had lawful custody), *alloc. denied,* 520 Pa. 604, 553 A.2d 967 (1988); *Commonwealth v. Johnson,* 263 Pa.Super. 512, 398 A.2d 694 (1979) (defendant convicted of both kidnapping and interference with custody of children for unlawfully taking child under fourteen years old); *Commonwealth v. Thrush,* 23 Pa. D. & C. 3d 302 (Cumberland County 1980) (uncle removed child from school without reason). Similarly, "enticing" has been defined as "[t]o wrongfully solicit, persuade, procure, allure, attract, draw by blandishment, coax or seduce." *Commonwealth v. Cowan,* 9 Pa. D. & C. 3d 582, 585 (Warren County 1978) (quoting Black's Law Dictionary 626 (4th ed.)). Finally, "it is the interruption of lawful custody, and not merely the 'taking', [sic] that constitutes the statutory offense." *Commonwealth v. Stewart,* 375 Pa.Super. at 593, 544 A.2d at 1388.

In the instant case, the Commonwealth presented absolutely no evidence that appellant took or enticed any of the minor children, nor did it show that she substantially interfered with the parents' interest in their children. The Commonwealth's sole eyewitness testified that the children were working for the four individuals conducting the drug-selling operation. N.T., May 9, 1990, at 12. He testified that appellant was not involved with the care or custody of the three boys. N.T., May 9, 1990, at 19. He also testified that the boys were not threatened or coerced into staying at appellant's apartment. N.T., May 19, 1990, at 32–33. Moreover, the testimony of three detectives established only that there was a drug-selling operation being conducted at appellant's apartment—there was no testimony that the surviving boy had implicated appellant of taking or enticing him away from his parents. Finally, the Commonwealth presented no evidence to show who had lawful custody of these boys, or of any interference with such custody.

Hence, the Commonwealth utterly failed to carry its burden with respect to two elements of this offense. Consequently, there was insufficient evidence for a fact-finder to determine that appellant was guilty.

■ Appellant next contends that there was insufficient evidence to support the conviction for conspiracy to interfere with custody of children. Section 903 of the Pennsylvania Crimes Code provides, in relevant part:

(a) **Definition of conspiracy.**—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

. . . . .

(e) **Overt act.**—No person may be convicted of conspiracy to commit a crime unless an overt act in pursuant of such conspiracy is alleged and proved to have been done by him or by a person with whom he conspired.

18 Pa.C.S.A. § 903(a), (e).

Again viewing the evidence in a light most favorable to the Commonwealth as the verdict winner, we are constrained to agree that there was insufficient evidence from which a fact-finder could determine that appellant was guilty of conspiracy. The Commonwealth presented no evidence of an agreement between appellant and the individuals who were using the minors to sell drugs. In fact, the testimony revealed that appellant spent much of her time in the back room, smoking crack cocaine. The evidence showed, at best, that appellant interacted with the boys in a few instances. This does not prove, even circumstantially, that she was in agreement with the drug dealers to interfere with the boys' parental custody.

Moreover, the Commonwealth did not produce any evidence to prove the overt act that appellant was accused of doing in furtherance of the conspiracy. The bill of information indicated that appellant's overt act was threatening the minor boys. Again, no testimony was presented that appellant ever threatened the boys. Although we strongly condemn appellant's involvement in the instant events, and recognize the sordid nature of the circumstances that led to the murder of two young boys, we cannot say that there was *any* evidence, much less sufficient evidence, to support the instant convictions. Thus, we must reverse the judgment and vacate the sentence.

In light of our disposition of the sufficiency claims, it is not necessary for us to reach appellant's claim that her post-arrest statement was improperly admitted. For the foregoing reasons, we vacate the judgment of sentence and order appellant discharged.

Judgment of sentence vacated; appellant discharged.[2]

---

**2.** We note that the instant sentence was imposed consecutive to a nine-to-twenty-three-month term of incarceration imposed in a separate case. We do not order appellant discharged as to that separate sentence.