J-S65010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VINCENT VILLONE, | |
| Appellant | No. 2368 EDA 2014 |

Appeal from the Judgment of Sentence July 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014653-2012

BEFORE:  BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY BENDER, P.J.E.:                 **FILED DECEMBER 08, 2015**

Vincent Villone appeals from the judgment of sentence of twenty-five to fifty years' incarceration, imposed July 14, 2014, following a negotiated guilty plea to charges of third-degree murder, carrying a firearm without a license, and possessing an instrument of crime.[1]  Additionally, his court-appointed counsel, James A. Lammendola, Esq., seeks to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant counsel's petition to withdraw.

In July 2014, Appellant entered a negotiated guilty plea to the above-listed charges.  Appellant agreed that the Commonwealth could establish,

---

[1] **See** 18 Pa.C.S. §§ 2502(c), 6106(a)(1), and 907(a), respectively.

based upon eyewitness accounts, medical and ballistics evidence, and a confession made by him to the police, that Appellant shot Richard Anthony Jacovini-Nebbio twice during a drug transaction in October 2012. *See* Notes of Testimony (N.T.), 07/14/2014, at 37-49. Mr. Jacovini-Nebbio died from his wounds. *Id.*

Following a lengthy colloquy, the trial court accepted Appellant's plea and imposed sentence. *Id.* at 68. Notably, Appellant did not seek to withdraw his plea prior to the imposition of sentence. The court apprised Appellant of his post-sentence and appellate rights. *Id.* at 71-73. Appellant did not file post-sentence motions. However, Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

In February 2015, Attorney Lammendola entered his appearance on Appellant's behalf. In May 2015, Attorney Lammendola filed a petition to withdraw from representing Appellant. He has also filed an *Anders* brief, asserting that there are no non-frivolous issues that could be raised in this appeal.

> This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (en banc).
>
> Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-880 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

Here, Attorney Lammendola's *Anders* brief complies with the above-stated requirements. He includes a summary of the relevant factual and procedural history; he refers to portions of the record that could arguably support Appellant's claims; and he sets forth his conclusion that Appellant's

appeal is frivolous. He explains his reasons for reaching that determination, supporting his rationale with citations to the record and pertinent legal authority. Attorney Lammendola also states in his petition to withdraw that he has supplied Appellant with a copy of his **Anders** brief, and he attaches a letter directed to Appellant in which he informs him of the rights enumerated in **Nischan**. Accordingly, counsel has complied with the technical requirements for withdrawal.

We will now independently review the record to determine if Appellant's claims are frivolous, and to ascertain whether there are other, non-frivolous issues Appellant could pursue on appeal. According to Attorney Lammendola, Appellant contends that (1) there was no factual basis to support his plea, and (2) his guilty plea was not knowing, intelligent, and voluntary. **See** Appellant's **Anders** Brief at 11; **see also** Pa.R.A.P. 1925(b) Statement, 08/28/2014.[2]

Appellant challenges the validity of his guilty plea. An appellant must preserve a challenge to the validity of a guilty plea during the plea colloquy or by filing a post-sentence motion. **See Commonwealth v. Lincoln**, 72 A.3d 606, 609-10 (Pa. Super. 2013). Failure to do so results in waiver. **Id.**

---

[2] We have reversed the order of Appellant's claims for ease of analysis, as the introduction of an adequate, factual basis of his crimes is a specific prerequisite to the more general conclusion that Appellant's plea was knowing, intelligent, and voluntary.

Here, Appellant failed to preserve a challenge to his plea. Accordingly, we

deem it waived.[3]

Absent waiver, Appellant's claims are nonetheless frivolous.

To be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. [A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly. The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Under [Pa.R.Crim.P.] 590, the court should confirm, inter alia, that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. The reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Commonwealth v. Prendes*, 97 A.3d 337, 352 (Pa. Super. 2014) (internal

citations and quotation marks omitted).

Specifically, Appellant asserts that the Commonwealth failed to

establish a factual basis for his crimes. A sufficient factual basis exists

---

[3] Under certain limited circumstances in the context of an *Anders* appeal, we will review the merits of an issue otherwise waived. *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009) (examining the merits of a challenge to discretionary aspects of a sentence where counsel failed to include Pa.R.A.P. 2119(f) statement within an *Anders* brief).

where "the facts acknowledged by the defendant constitute the offense(s) charged[.]" *Commonwealth v. Young*, 695 A.2d 414, 417 (Pa. Super. 1997).

Here, Appellant pleaded guilty to third-degree murder, carrying a firearm without a license, and possessing an instrument of crime. *See, e.g.*, *Commonwealth v. Morris*, 958 A.2d 569, 576 (Pa. Super. 2007) (defining third-degree murder as "a killing which is neither intentional nor committed during the perpetration of a felony, but contains the requisite malice"); *Commonwealth v. Lopez,* 57 A.3d 74, 80 (Pa. Super. 2012) (accepting as sufficient a stipulation that defendant was not licensed to carry a firearm); *Commonwealth v. Monroe*, 422 A.2d 193, 195 (Pa. Super. 1980) (accepting as sufficient testimonial evidence that a defendant, who used a firearm to shoot victim, possessed an instrument of crime).

The Commonwealth set forth the factual basis of Appellant's crimes in detail. *See* N.T. at 37-49. According to the Commonwealth, eyewitness testimony would establish that Appellant shot the victim twice. *Id.* at 43, 46. The medical examiner would testify that the cause of death was gunshot wounds to the lower abdominal area and that the manner of death was homicide. *Id.* at 40. Ballistics evidence would establish that both gunshots originated from the same .380 caliber firearm. *Id.* at 47-48. Appellant confessed his guilt to the police two days after the shooting. *Id.* at 47. Appellant also stipulated that he was not licensed to carry a firearm. *Id.* at

66-67. Finally, Appellant acknowledged that the Commonwealth's representation was "a fair account [of] what happened." *Id.* at 49. These facts, acknowledged by Appellant, constituted the basis for the crimes charged.

More generally, the trial court comported with the requirements of Rule 590. The court engaged Appellant in a lengthy colloquy, apprising Appellant of his rights, the nature of the charges against him, and the factual basis of those charges. *See* N.T. at 7-29, 29-37, and 37-49. Appellant stated repeatedly that he understood the proceedings and that he was entering his guilty plea knowingly, intelligently, and voluntarily. *Id.*; *see also Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa. Super. 1999) ("A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled."). Moreover, Appellant acknowledged that he understood and willingly signed a written, guilty plea colloquy form. *Id.* at 56-57. Based upon the totality of these circumstances, Appellant's plea was knowing, intelligent and voluntary, and we discern no manifest injustice.

For the above reasons, Appellant's claims are frivolous. Moreover, our review of the record reveals no other non-frivolous issues Appellant could assert on appeal.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/8/2015