**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT SPENCE, | |
| Appellant | No. 2190 EDA 2017 |

Appeal from the Judgment of Sentence Entered July 1, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010155-2009

BEFORE:  BENDER, P.J.E., STABILE, J., and STEVENS,  P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED DECEMBER 18, 2019**

Appellant, Robert Spence, appeals *nunc pro tunc* from the judgment of sentence of an aggregate term of 17 to 34 years' incarceration, imposed after he was convicted, following a non-jury trial, of interference with child custody, promoting prostitution, corrupting the morals of a minor, trafficking of persons, and sexual exploitation of children.  We affirm.

The trial court set forth the facts of this case, as follows:

The incidents in this case took place from December 2008 through March 2009[,] and a separate incident took place in January of 2012.  In December 2008, N.S. (hereinafter "[N.S.]") ran away from home.  At their first in[-]person meeting[,] [N.S.] and a friend entered into the car of Appellant and were asked by Appellant if they wanted to work for him … [and] they agreed. Upon arriv[ing at] Appellant['s] home[,] there was another discussion in which Appellant described to [N.S.] that she was going to make money for him as a prostitute and she agreed.

_____

[*] Former Justice specially assigned to the Superior Court.

During this time of prostitution, Appellant gave guidelines to [N.S.] to follow and controlled [N.S.] in various aspects of [her] life[,] including where [N.S.] lived, [her] attendance (or lack thereof) [at] school, the money [she] earned, where she went, *etc*. For a period of about two (2) months[,] [N.S.] worked for Appellant[, during which time] he would drive [N.S.] to various locations in the [c]ity and [N.S.] stood on the corner waiting to make money. [N.S.] was expected to work as much as possible, almost every night, and Appellant would threaten [N.S.] with physical harm if she did not cooperate with [his] demands. Once done for the night[,] [N.S.] would give the money [she] earned to Appellant and he would provide [N.S.] with clothes and jewelry. Additionally, one[]night Appellant had [N.S.] view a movie about prostitution and gave her the idea of going to Atlantic City to prostitute for a higher price. Although [N.S.] did leave on a few occasions, [she] came back and chose to stay because Appellant had issued many threats of harm to her and her family.

On January 12, 2009, Appellant was pulled over by police for possession of a stolen car with [N.S.] in the car. After being taken down to the police station[, N.S.] was released to the care of her mother. After [N.S.] returned home she told her mother she had been prostituting for Appellant, the police were notified, and a statement was made on January 23, 2009. … [N.S.] positively identified Appellant through a photograph [and stated] that he was the person she had been working for while prostituting. A warrant was issued for his arrest[,] and Appellant was arrested on March 2, 2009.

Upon Appellant's arrest and incarceration, he attempted to send a letter to a friend. In the letter[,] Appellant describe[d] [N.S.] and [made] reference to her age. Further, … Appellant discusse[d] prostitution [and] trafficking, and ask[ed] the recipient to keep … [N.S.] away so she d[id] not show up to court. The mail was labeled "frank" and returned back to the sender. On January 20, 2012[,] a correction officer found the letter in the desk of the … unit where Appellant was believed to be housed. Based upon review of the contents of the letter[,] the correction officer gave the letter to his sergeant.

Trial Court Opinion (TCO), 11/20/18, at 3-4.

On February 10, 2014, Appellant's non-jury trial began. At the close thereof, the court convicted him of the above-stated offenses. On July 1,

2014, Appellant was sentenced to the aggregate term stated *supra*. He filed a timely post-sentence motion challenging, *inter alia*, the weight of the evidence supporting his convictions and discretionary aspects of his sentence. Appellant's motion was denied by operation of law on November 10, 2014. He did not file an appeal. However, he subsequently filed a timely petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking the reinstatement of his appellate rights, which was granted on June 22, 2017. Appellant filed the present, *nunc pro tunc* appeal on July 7, 2017, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on November 20, 2018.

Herein, Appellant states four issues for our review:

I. Whether the court erred in failing to grant Appellant's post-sentence motion on the grounds that the verdict was against the weight of the evidence and in failing to grant defense counsel's oral motion for judgment of acquittal.

II. Whether the guilty verdicts on the charges of interference with custody of a child, corruption of the morals of a minor, trafficking of persons and sexual exploitation of children were contrary to law.

III. Whether the court erred in denying Appellant's motion to reconsider sentence.

IV. Whether the court erred in denying the motion to preclude the letter in question based on multiple evidentiary issues.

Appellant's Brief at 9 (unnecessary capitalization omitted).

Appellant first challenges the weight of the evidence to support his convictions.

A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well[-]settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Houser*, 18 A.3d 1128, 1135-36 (Pa. 2011) (citations and internal quotation marks omitted).

Appellant first avers that the court erred by finding N.S.'s testimony credible where "[d]efense counsel impeached [N.S.] not once, not twice, but *five* times." Appellant's Brief at 22 (emphasis in original). While Appellant provides citations to the transcript of where these alleged impeachments occurred, he offers no discussion about the points on which N.S. was impeached, or why those moments during her cross-examination cast doubt on the veracity of her testimony overall. Accordingly, we are unconvinced by Appellant's bald assertion that the impeachment of N.S., in and of itself, "demonstrates the lack of evidentiary support for the court's verdict." **Id.** Additionally, his remaining arguments attack the **sufficiency** of the evidence, rather than its weight. **See id.** at 22 (arguing that the Commonwealth failed to prove he enticed or took N.S. away from her mother); **id.** at 24 (claiming the evidence did not establish that he knew N.S. was a minor); **id.** at 25 (asserting that the Commonwealth's evidence did not establish that he forced

N.S. to prostitute herself). "A challenge to the weight of the evidence, in contrast to a challenge to the sufficiency of the evidence, concedes that there is sufficient evidence to sustain the verdict." *Commonwealth v. Smith*, 853 A.2d 1020, 1027 (Pa. Super. 2004). Because Appellant has offered no convincing challenge to the **weight** of the evidence to support his convictions, his first issue does not warrant relief.

Next, Appellant attacks the sufficiency of the evidence to support his convictions. Initially, we conclude that Appellant waived his sufficiency claim by failing to specify, in his Rule 1925(b) statement, what element(s) of his crimes the Commonwealth failed to prove. *See* Pa.R.A.P. 1925(b) Statement, 1/8/18, at 2 ("The verdicts were contrary to law on the charges of [i]nterference with [c]ustody of a [c]hild, [corrupting the morals of a minor], [t]rafficking of [p]ersons[,] and [s]exual [e]xploitation of [c]hildren. The elements of the offenses were not made out as articulated by trial counsel in closing arguments."); *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008) ("If [an a]ppellant wants to preserve a claim that the evidence was insufficient, then the [Rule] 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient.").

Nevertheless, even had Appellant preserved his sufficiency claim, we would deem it meritless. In *Commonwealth v. Troy*, 832 A.2d 1089 (Pa. Super. 2003), we explained that:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to

enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Id.* at 1092 (citations omitted).

First, Appellant argues that the Commonwealth failed to prove the crime of interference with custody of a child, which is defined as follows:

**(a) Offense defined.**--A person commits an offense if he knowingly or recklessly takes or entices any child under the age of 18 years from the custody of its parent, guardian or other lawful custodian, when he has no privilege to do so.

18 Pa.C.S. § 2904(a). Notably, a defense to this crime is that "the child, being at the time not less than 14 years old, was taken away at its own instigation without enticement and without purpose to commit a criminal offense with or against the child[.]" 18 Pa.C.S. § 2904(b)(2).

Here, Appellant contends that N.S.'s testimony demonstrated that she voluntarily left her mother's home and stayed with Appellant of her own volition and, therefore, he did not "take or entice[]" her away from her mother. Appellant's Brief at 27. However, this Court has held that "it is the interruption of lawful custody, and not merely the 'taking[,'] … that constitutes

the statutory offense." **_Commonwealth v. Rodgers_**, 599 A.2d 1329, 1331 (Pa. Super. 1991) (quoting **_Commonwealth v. Stewart_**, 544 A.2d 1384, 1388 (Pa. Super. 1988) (holding that, "it is not merely the act of taking or enticing that constitutes the offense, but rather the **_continued maintenance_** of the child outside of the custodian's dominion")) (emphasis added).

In the case *sub judice*, N.S. testified that during her first encounter with Appellant, he told her she was going to work as a prostitute for him. N.T., 2/25/14, at 71. Appellant forced N.S. to live with him, and said that he would kill her if she tried to leave or broke any of his rules. **_Id._** at 71-72. N.S. testified that she did not feel free to leave Appellant's home and return to her mother because Appellant had threatened to hurt her if she did. **_Id._** at 80. We would deem this evidence sufficient to demonstrate that Appellant maintained custody of N.S. for the purpose of committing a criminal offense, thus interfering with the custody of N.S.'s mother. As such, we would conclude that his conviction under section 2904 must stand.

Appellant next contends that the evidence was insufficient to support his convictions of corrupting the morals of a minor and sexual exploitation of a child, which are defined, respectively, as follows:

> **(a) Offense defined.--**
>
> (1)(i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in

violating his or her parole or any order of court, commits a misdemeanor of the first degree.

18 Pa.C.S. § 6301(a)(1)(i).

**(a) Offense defined.--**A person commits the offense of sexual exploitation of children if he procures for another person a child under 18 years of age for the purpose of sexual exploitation.

18 Pa.C.S. § 6320(a). Section 6320 defines "procure" as "[t]o obtain or make available for sexual exploitation." 18 Pa.C.S. § 6320(c).

In this case, Appellant claims that the Commonwealth's evidence was insufficient to support these offenses because N.S. "admitted to lying to him about her age. She also verified Appellant did not learn of her true age until later, after she began working for him." Appellant's Brief at 28. Appellant seems to suggest that because he believed N.S. was 18 *when he met her*, he could not be convicted of the above-stated offenses. Notably, Appellant cites no legal authority to support this theory. Moreover, he admits that the evidence established that he learned N.S. was a minor during the time that she was working for him as a prostitute. *Id.* Therefore, we would deem the evidence sufficient to prove that he procured a minor for sexual exploitation and corrupted the morals of a minor.

Finally, Appellant contends, in a three-sentence argument, that his conviction for trafficking of persons was not supported by sufficient evidence because N.S. "explicitly stated that she willingly worked for Appellant." *Id.* (citing N.T., 2/25/14, at 103). In support of this argument, Appellant cites a portion of his cross-examination of N.S., wherein he confronted her with her out-of-court statement to police that Appellant did not force her into

- 8 -

prostitution. However, he wholly disregards that at trial, N.S. testified that Appellant forced her into prostitution by threatening to kill her if she told anyone or tried to leave. N.T., 2/25/14, at 71-72. The trial court, as the fact-finder, was free to credit this testimony and disbelieve N.S.'s contrary statement to police during their investigation of Appellant's crimes. ***See Troy, supra***.

In Appellant's fourth issue, he challenges the discretionary aspects of his sentence, contending that the court imposed an excessive sentence without considering mitigating factors, his mental health issues, or his rehabilitative needs. Again, Appellant has waived this claim for our review. In his post-sentence motion, Appellant stated that he was challenging his sentence because he "does have remorse for the victim of the crime he committed" and he "is motivated to use his incarcerated time to better himself in order to be a productive member of society." Post-Sentence Motion, 7/11/14, at 4 (unnumbered). Appellant did not mention his mental health issues, nor claim that the court failed to consider his rehabilitative needs. Additionally, in Appellant's Rule 1925(b) statement, he generally averred that "[t]he [c]ourt was in error in denying the [m]otion to reconsider [s]entence. The sentence was unduly harsh and unreasonable." Pa.R.A.P. 1925(b) Statement at 2 (unnumbered). Again, Appellant made no mention of the court's failure to consider his mental health or rehabilitative needs. Consequently, we deem Appellant's sentencing issue waived. ***See Commonwealth v. Bullock***, 948 A.2d 818 (Pa. Super. 2008) (stating that

the right to appeal a discretionary aspect of sentence is not absolute and is waived if the appellant does not challenge it in post-sentence motions or by raising the claim during the sentencing proceedings); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").[1]

In Appellant's fifth and final issue, he contends that the trial court erred by admitting a letter ostensibly written by him while incarcerated prior to trial, in which he discussed N.S. and "the alleged trafficking operation." Appellant's Brief at 31. Appellant vaguely claims that the admission of the letter "violated Pennsylvania Rules of Evidence 402, 403, 404, 405, 901, 1001, 1002, and

---

[1] Notwithstanding waiver, we would conclude that Appellant failed to demonstrate an abuse of discretion by the court. Notably, he does not elaborate on his bald assertion that "the sentence was inconsistent with [his] rehabilitative needs[,]" nor discuss the mitigating factors or "mental health concerns" that the court failed to consider. Appellant's Brief at 30. Appellant's undeveloped argument would fail to convince us that the trial court erred by imposing his sentence, the basis for which it explains as follows:

> In anticipation of sentencing, this [c]ourt reviewed the Pre-Sentence Report. The defense attorney recommended thirty (30) months with credit for time served. The Commonwealth recommended twenty-four and [one] half (24½) to forty-nine (49) years of incarceration. In this case, Appellant was sentenced to a total of seventeen (17) to thirty-four (34) years with credit for time served. This [c]ourt's sentence was within the guidelines. Further, Appellant's sentence was justified by the physically and emotionally damaging acts that Appellant was found to have committed against [N.S.], the need to protect the public from Appellant, and the potential for continuing criminal behavior to be exhibited by Appellant.

TCO at 9.

those pertaining to 'authenticity and a lack of foundation.'" **Id.** Appellant also contends that "the Commonwealth made no attempt to authenticate the letter as actually written by Appellant[,]" and that "the letter needlessly presented cumulative evidence of the alleged trafficking activity." **Id.** at 31-32. Appellant claims he was prejudiced by the admission of this evidence because the letter "spoke of alleged trafficking activity for which Appellant did not stand trial." **Id.** at 31.

Once again, Appellant's claim is waived. In his Rule 1925(b) statement, Appellant vaguely stated that "[t]he [c]ourt … was in error in denying the Motion to Preclude the letter in question based on multiple evidentiary issues." Pa.R.A.P. 1925(b) Statement at 2 (unnumbered). Clearly, this generic claim is insufficient to preserve Appellant's specific arguments.

In any event, even if not waived, we would deem Appellant's evidentiary claim meritless. Aside from listing rules of evidence, Appellant offers no discussion of those rules or how they were violated. He also fails to cite any legal authority to support his cursory argument that the Commonwealth failed to properly authenticate the letter, or that he was prejudiced by its admission. Therefore, we would conclude that Appellant has not demonstrated an abuse of discretion by the court. **Commonwealth v. Young**, 989 A.2d 920, 924 (Pa. Super. 2010) ("Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and a reviewing court will not reverse the trial court's decision absent a clear abuse of discretion.") (citation omitted).

- 11 -

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/19