639 A.2d 1222

**COMMONWEALTH of Pennsylvania,**

v.

**David Richard McCLINTOCK a/k/a David McClintock a/k/a David R. McClintock, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 28, 1994.

Filed April 7, 1994.

---

84

operate against survival actions." *Id.*, 407 Pa.Super. at 623, 595 A.2d at 1320.

86

Shelley Stark, Public Defender, Pittsburgh, for appellant.

Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before OLSZEWSKI, TAMILIA and POPOVICH, JJ.

TAMILIA, Judge:

David R. McClintock appeals from the October 13, 1992, fifty-seven (57) to one hundred fourteen (114) month judgment of sentence imposed after he was found guilty, nonjury, of one count each of luring a child into a motor vehicle [1] and interfering with child custody [2] and two counts of criminal attempt [3] to lure a child into his vehicle. The charges stemmed from appellant's repeated attempts [4] to abduct young, black children walking to and from school.

Appellant argues the evidence presented was insufficient to support his convictions of attempting to lure victims Charles

1. 18 Pa.C.S. § 2910.

2. *Id.*, § 2904.

3. *Id.*, § 901.

4. Appellant was charged at three separate complaints with crimes against children, demonstrating a common scheme, plan or pattern. Accordingly, the Commonwealth's motion to consolidate the cases for trial was granted.

Ransom and Keva Johnson into his car. Appellant contends his hand motions toward the children,[5] which he characterized as "waves", did not constitute the "substantial step" necessary toward the commission of the crime of attempting to lure the children into his car.

When reviewing a challenge to the sufficiency of the evidence, this Court must "accept all evidence and all reasonable inferences therefrom, upon which the fact-finder could have based the verdict, in order to determine whether the Commonwealth's evidence was legally sufficient to support the verdict." *Commonwealth v. Cody*, 401 Pa.Super. 85, 88, 584 A.2d 992, 993 (1991). The Commonwealth may meet its burden by proving every element of the crime(s), beyond a reasonable doubt, by means of direct or circumstantial evidence, provided it links the defendant to the crime beyond a reasonable doubt. *See Commonwealth v. Williams*, 532 Pa. 265, 615 A.2d 716 (1992); *Commonwealth v. McCullum*, 529 Pa. 117, 602 A.2d 313 (1992). The two elements necessary to sustain a conviction for the crime of attempt are intent to commit a crime and any act constituting a substantial step toward completion of the offense. *Commonwealth v. Henley*, 504 Pa. 408, 474 A.2d 1115 (1984); *Commonwealth v. Edwards*, 399 Pa.Super. 545, 582 A.2d 1078 (1990), *appeal denied*, 529 Pa. 640, 600 A.2d 1258 (1991). The relatively recently enacted crime of luring a child into one's vehicle is defined as:

> A person who lures a child into a motor vehicle without the consent, express or implied, of the child's parent or guardian, unless the circumstances reasonably indicate that the child is in need of assistance, commits a misdemeanor of the first degree.

18 Pa.C.S. § 2910. Finally, the determination of the credibility of a witness is within the sole province of the fact-finder who may believe none, some or all of the testimony, and whose credibility determination will not be disturbed on appeal ab-

5. Appellant does not admit in his brief he was the driver to whom the children referred and, therefore, does not argue in the first person but rather the third person.

88

sent a clear abuse of discretion or error of law. *Commonwealth v. Melvin*, 392 Pa.Super. 224, 572 A.2d 773 (1990).

Charles Ransom, the son of a police officer and 12 years old at the time of the incident, testified he was walking to school with a friend, Victor Johnson, when he noticed a brown vehicle with a beige vinyl roof drive past them repeatedly. He stated he got a good look at the driver and described him as a white male, in his 40's, with brown hair, gray at the temples and brown eyes. As he and Johnson stood outside their school, the boys saw the same car and driver ride up and down the street, four or five more times. At one point the car stopped at the curb, approximately ten feet from Ransom, the boy leaned to look into the car and the driver waived or motioned three or four times for him to "come here." At this point, the boys walked swiftly into the school, informed school authorities of what had transpired and the police were called. Having been schooled by his father regarding what to do in just such a situation, Ransom had memorized the license plate number and provided the police with that information as well as a description of the car and an identification of the driver.

The other child, Keva Johnson, also then age 12, testified appellant accosted her in much the same way he stalked Charles Ransom. Johnson testified that as she was walking to her bus stop, she noticed appellant very slowly driving his car around the block. She was able to make this identification because for months prior to this day she had seen appellant driving near the route she took from home to her bus stop. On this day, as she approached the bus stop, she noticed appellant staring at her and, when he caught her eye, appellant stopped his car ten feet away and motioned for Keva to "come here." Johnson testified she ran away quickly but "he chased after [her]" until she encountered some school friends and her bus arrived (N.T., 3–26, 27–92, p. 201). Like Ransom, Johnson reported the incident to school authorities and police and was able to identify appellant and his vehicle.

The trial judge found the children's testimony credible. We have no basis to rule otherwise. The testimony and evidence

presented, both direct and circumstantial, were sufficient upon which to find appellant guilty of attempting to lure Ransom and Johnson into his vehicle.

Next, appellant contends the evidence was also insufficient to sustain his conviction for interference with the custody of Brandon Bennett. Appellant bases his argument on the facts eight year old Brandon was in his car only momentarily and appellant is not a member of the class to which the statute is directed (estranged parents). We address this issue bearing in mind the standard of review set forth supra.

Brandon Bennett testified he was walking to school when a brown car stopped next to him and the driver, the appellant, asked him where a certain store was located. Brandon told appellant, but he insisted Brandon get into the car and show him where the store was located. Unfortunately Brandon complied, but fortuitously a grandmother, who escorted her grandchildren to school daily, recognized appellant's car as a suspicious vehicle she had observed repeatedly over the previous two weeks cruising the streets near the elementary school. While driving from a shopping trip, she witnessed Brandon's attempted abduction and blew her horn relentlessly until appellant reached over to the passenger door and opened it so Brandon could get out. Brandon identified appellant as the driver of the car. The time Brandon was in appellant's car was estimated to be between one and five minutes.

An individual will be found guilty of interfering with child custody if he "... knowingly or recklessly takes or entices any child under the age of 18 years from the custody of its parent, guardian or other lawful custodian, when he has no privilege to do so." 18 Pa.C.S. § 2904. While recognizing this statute was enacted with a focus toward parental kidnapping, *see Commonwealth v. Rodgers,* 410 Pa.Super. 341, 599 A.2d 1329 (1991), we find it is not beyond the trial court's scope of authority or ours to extend the purview of this statute to protect children from unlawful taking by individuals who are not necessarily their parents, custodians or guardians. See *Id., citing Commonwealth v. Thrush,* 23 D. & C.3d 302

(1980) (Uncle found guilty of interference with the custody of his niece whom he took from school on the pretense of a doctor appointment). Moreover, the wording of the statute itself clearly supports the contention its scope was designed to extend to actors other than parents.

. . . . .

**(b) Defenses.**—*It is a defense that:*

(1) the actor believed that his action was necessary to preserve the child from danger to its welfare; or

(2) the child, being at the time not less than 14 years old, was taken away at its own instigation without enticement and without purpose to commit a criminal offense with or against the child; or

(3) *the actor is the child's parent or guardian or other lawful custodian* and is not acting contrary to an order entered by a court of competent jurisdiction.

**(c) Grading.**—The offense is a misdemeanor of the second degree *unless the actor, not being a parent or person in equivalent relation to the child,* acted with knowledge that his conduct would cause serious alarm for the safety of the child, or in reckless disregard of a likelihood of causing such alarm, in which case the offense is a misdemeanor of the first degree.

18 Pa.C.S. § 2904(b), (c) (emphasis added). The underlined clauses definitively indicate, by specifically referring to actors other than parents, the statute was to include in its scope perpetrators other than disgruntled parents. The evidence supports the trial court's finding "... while [the statute] was designed to ensure the protection of parents and children from the interference by third parties, whether related or not, it was not envisioned to protect a kidnapper." (Slip Op., Cashman, J., 9/24/93, p. 15.) On this basis, we find appellant's argument challenging his conviction for interfering with child custody devoid of merit.

Appellant's next two issues challenge evidentiary rulings made by the trial court. First, appellant contends the court erred by admitting photographs of his car without first requir-

ing the Commonwealth to establish the pictures indeed depicted the appellant's vehicle. Secondly, appellant alleges impermissible hearsay testimony was allowed to establish the license plate number recited by the victims was registered to the appellant.

A judge has broad discretion concerning the conduct of a trial and particularly with regard to the admission or exclusion of evidence. *Commonwealth v. Davis,* 394 Pa.Super. 591, 576 A.2d 1005 (1990). Generally, evidence is admissible if it is relevant, i.e., it must tend to prove or disprove a material fact in issue, tend to make such a fact more or less probable, or afford the basis or support for a reasonable inference regarding the existence of a material fact. *Commonwealth v. Dietterick,* 429 Pa.Super. 180, 631 A.2d 1347 (1993); *Commonwealth v. Ingram,* 404 Pa.Super. 560, 591 A.2d 734 (1991). This standard applies equally to the admissibility of photographs. *Commonwealth v. Dennis,* 313 Pa.Super. 415, 460 A.2d 255 (1983). A photo must, however, be verified by either the person who took it or one sufficiently knowledgeable to testify the picture accurately represents the object depicted as it existed at the time of the event in question. *Commonwealth v. Long,* 425 Pa.Super. 170, 624 A.2d 200 (1993). Finally, the admissibility of photographs is a matter within the discretion of the trial court whose decision will not be disturbed absent an abuse of discretion. *Id.*

Detective Frank Varlotta testified that during the course of his investigation of the appellant, he confirmed a license plate number provided to him by one of the victims as that belonging to the appellant and thereafter photographed[6] appellant's car for the purpose of having the victims and witnesses identify the car as the one used in the commission of the crimes. These photos were subsequently shown to the victims who testified the car in the pictures looked like the one driven by the man who had accosted them. Victim Charles Ransom also verified the vehicle's license plate. The trial

6. The record indicates Varlotta or someone with the Sex Assault section of the Pittsburgh City Police Department took the actual photos of the car.

court found this testimony sufficient to authenticate the photos, and we find no basis upon which to rule the court abused its discretion. The photos did not buttress inconsistent witness testimony as alleged by appellant, but rather served as circumstantial evidence which, when combined with direct evidence, tended to identify appellant as the driver of the car at the time of the incidents. By reviewing the cumulative testimony of Detective Varlotta as well as the record in its entirety, we find the reliability and authenticity of the photos were established and the trial court did not err by allowing their admission into evidence.

■ Allowing Detective Varlotta to testify the license plate identified by the victims was registered to appellant "stated the obvious and was in no way prejudicial to McClintock." (Slip Op. at 9.) The admission of this hearsay evidence was evaluated, in context, by the fact-finder along with all other evidence of record and found not to be reversible error.

Lastly, appellant argues the statute luring a child into a motor vehicle, set forth above, is constitutionally unsound as it does not adequately and fairly apprise an individual of prohibited conduct and can, because of its vagueness, be arbitrarily and discriminatorily enforced. In particular, appellant challenges the precision of the word "lure" and alleges it is fraught with ambiguity because it is not statutorily defined.

■ A criminal statute must be sufficiently certain and definite to inform the accused of the acts it intends to prohibit and the penalties which will be imposed should the statute be violated. *Commonwealth v. Boyle*, 533 Pa. 360, 625 A.2d 616 (1993). A statute may be unconstitutionally vague, and therefore void, if it describes conduct in terms so ambiguous persons of reasonable intelligence might differ as to what is actually prohibited, *Commonwealth v. Stein*, 519 Pa. 137, 546 A.2d 36 (1988), *cert. denied*, 490 U.S. 1046, 109 S.Ct. 1953, 104 L.Ed.2d 422 (1989), *Commonwealth v. Smallhoover*, 389 Pa.Super 575, 567 A.2d 1055 (1989). A statute which fails to give a person of ordinary intelligence fair notice his contemplated conduct is forbidden or is so indefinite as to encourage

arbitrary and erratic arrests and convictions is void for vagueness as a matter of due process. *Stein, supra.* Vagueness is a matter of law to be determined from the face of the statute itself. *Id.*

"The conduct [the statute] has proscribed is specific in nature and identifies for any observer the interests that the Commonwealth is seeking to protect" (Slip Op. at 17). Further, appellant answers his own challenge to the word "lure" by equating it with "the power to attract or entice" (appellant's brief at p. 29). Resorting to standard dictionaries for definition of words in common usage without unique legal connotations is common practice. In *Webster's Ninth New College Dictionary,* Merriam–Webster Inc., Publishers Copyright 1984, "lure" is described at page 710: "Lure implies a drawing into danger, evil or difficulty, through attracting and deceiving." No more specific legal definition could be applied to the wording of this statute and such an understanding of the term is universally accepted. Lastly, the statute contains a clearly ascertainable standard which does not even peripherally implicate rights protected by the first amendment. Appellant's conduct fell squarely within proscribed behavior which the legislature sought to prevent and punish. Accordingly, appellant's constitutional challenge is without merit.

Having found each of appellant's arguments devoid of merit, we affirm the judgement of sentence imposed October 13, 1992.

Judgment of sentence affirmed.