**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Kenneth D. TATE, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 17, 2001.

Filed Dec. 7, 2001.

Reargument Denied Feb. 12, 2002.

Royce L. Morris, Harrisburg, for appellant.

James P. Barker, Asst. Dist. Atty., Harrisburg, for Commonwealth, appellee.

Before: CAVANAUGH, MUSMANNO and OLSZEWSKI, JJ.

CAVANAUGH, J.

¶ 1 Kenneth Tate was convicted and given a modest sentence for the crime of luring a child into a motor vehicle (luring a child). The statute proscribes luring a child into a vehicle unless there is at least implied consent of the parent or if the child is in need of assistance. 18 Pa.C.S.A. § 2910. This appeal raises two issues which challenge: 1) the charge of the court and, 2) the sufficiency of the evidence. The charges at trial arose out of the claim that Tate on separate, but closely similar, occasions lured two 14 year-old females, V.S. and I.B., into his vehicle. He was found guilty by the jury on one count (as to victim I.B.)[1]

¶ 2 I.B. stated that she was walking home from school on October 6, 1999, when a person driving a distinctive black Lexus vehicle asked her to get in the car. She refused and went home and told her grandmother. The police were called but

1. The joinder of these cases for trial is not an    issue on this appeal.

were delayed in responding. In the meantime, I.B. went into her yard and again saw the person driving the vehicle on the highway. On October 7, while on the way to school, I.B. yet again saw him driving the vehicle. There is no report of any communication on these latter two times I.B. saw the vehicle. I.B. was able to identify the driver and did so in court. V.S., also 14 years old, was walking home from school on October 6, where she encountered a man driving a black Lexus. He spoke to her but she could not recall what was said. The police were called but V.S. could not identify anyone from a photo array. There was no attempt to have her identify Tate in court.

¶ 3 Mr. Tate gave testimony that he was not in the area where the alleged conduct took place and offered detailed information which tended to support his claim that he had a full schedule of work and activities which occupied him elsewhere.

■ ¶ 4 Appellant first argues that the court erred in charging the jury that the statute prohibited "offering rides to children under any invitational pretext." Rather it is argued that the statute requires that the victim be lured "into" the vehicle, and that, instantly, it is undisputed that the child never entered the vehicle. It is further argued that the court's charge is tantamount to an instruction that appellant could be found guilty on the basis of the crime of attempt where, in fact, a criminal attempt was neither charged nor properly before the jury. Finally, it is argued that the charge is at odds with the Pennsylvania Standard Jury Instructions (Criminal) 15.2910 which would require that the accused "took the child into the vehicle." [2]

¶ 5 Our review of the decisional authorities in this Commonwealth lead to the conclusion that the court did not err in its charge and that appellant's arguments are without merit.

¶ 6 In *Com. v. Adamo*, 431 Pa.Super. 529, 637 A.2d 302 (1994), *appeal denied* 538 Pa. 631, 647 A.2d 507 (1994), *certiorari denied* 513 U.S. 1022, 115 S.Ct. 590, 130 L.Ed.2d 503 (1994), we held that 18 Pa. C.S.A. § 2910 (luring a child) is not unconstitutional for vagueness or overbreadth. We affirmed the conviction for an attempt to lure a child into a motor vehicle.

¶ 7 In *Com. v. McClintock*, 433 Pa.Super. 83, 639 A.2d 1222 (1994) appellant was convicted of one count of luring a child as well as two counts of attempting to lure a child in a case involving multiple incidents. On appeal, appellant challenged the sufficiency of the criminal attempt convictions where they were based on wordless motions or beckoning to "come here" into appellant's vehicle. The conduct was determined to be within the contemplation of the luring statute which is not unconstitutionally vague.

¶ 8 In *Com. v. Figueroa*, 436 Pa.Super. 569, 648 A.2d 555 (1994), *appeal denied* 540 Pa. 578, 655 A.2d 510 (1995), the conviction, again, was for criminal attempt to lure but appellant's argument went to the intent aspect of the predicate statute. We held that luring did not require a bad purpose intent but that culpability under the act could be found from offering rides to children "under any invitational pretext." We further opined that the aim of the statute was to provide a threshold prophylaxis for the avoidance of kidnapping.[3]

---

**2.** The Standard Jury Instructions are not binding on the trial courts of Pennsylvania. *Mackowick v. Westinghouse Electric Corp.,* 373 Pa.Super. 434, 541 A.2d 749 (1988), aff'd. 525 Pa. 52, 575 A.2d 100 (1990).

**3.** Luring child into a motor vehicle 18 Pa. C.S.A. § 2910 is part of the Criminal Code Chapter 29 Kidnapping.

¶ 9 More recently in *Com. v. Nanorta*, 742 A.2d 176 (Pa.Super.1999), *appeal denied* 563 Pa. 613, 757 A.2d 930 (2000), we again reviewed an attempt conviction which was based on a motorist's demand "get into my car" to a child. We, again, confirmed the "any invitational pretext" standard of *Figueroa* and also rejected the notion that the luring must be an enticement of a benefit to the child and concluded that luring could also include threats, or commands, or implied threats.

¶ 10 We are in agreement with appellant that the decided cases interpreting 18 Pa. C.S.A. § 2910 are all cases where there has been a conviction for a criminal attempt to commit the specific crime. Presently, appellant was not charged with criminal attempt 18 Pa.C.S.A. § 901, and the jury was not charged with respect to an attempt in conjunction with the charge on § 2910 (luring a child). On the record, defense counsel objected to the usage of the "any invitational pretext" language as taken from the *Nanorta* case. Counsel made this objection in conjunction with his argument that in order to support a conviction under § 2910, the child must "get into the motor vehicle." The court rejected this argument and charged in accordance with *Nanorta* which reads the statute as prohibiting one from offering rides to children under any invitational pretext.[4]

■ ¶ 11 Our review of the luring a child statute and the decided cases lead to the conclusion that the court did not err in its charge to the jury. While the cases described above all involved convictions for criminal attempt to commit the completed crime of luring a child, § 2910, the decided cases reveal that the completed luring a child crime may be seen as a form of inchoate crime intended to inhibit the completed offenses of kidnapping, 18 Pa.C.S.A.

§ 2901, or unlawful restraint, 18 Pa.C.S.A. § 2902, as well as forms of assault or sexual offenses.

¶ 12 So considered, the statutory usage of the phrase luring a child "into" a motor vehicle may be understood to recite the prohibited object of the crime rather than describe an element of the crime. It recognizes the danger that, in our society a motor vehicle represents a universally common and singularly mobile enclosure which may be wrongfully employed to confine a child not in need and without parental permission. Support for this interpretation of § 2910 is found in the subcommittee note to 15.2910 (Criminal) Pennsylvania Standard Jury Instructions where it is noted that the provision (luring a child) is not based on a counterpart in the Model Penal Code, but was introduced by a sponsor whose aim was "to make luring a crime where kidnapping did not totally occur ..." As we noted in *Figueroa, supra,* the statute may be understood as an absolute prohibition to motorists from inviting unknown children into vehicles which is the correlative caution to the common admonition to children never to accept a ride from a stranger.

¶ 13 Appellant also argues that the evidence is insufficient to convict him of the crime of luring a child into a motor vehicle.

¶ 14 While reviewing the evidence in a light most favorable to the verdict winning Commonwealth, we must determine whether the evidence and its reasonable inferences support the jury verdict. *Commonwealth v. Natividad,* 565 Pa. 348, 773 A.2d 167 (2001). We have already concluded that it is not necessary that the child be lured "into" a motor vehicle. As this is the sole argument of appellant and as we find the other elements of the offense were met in the case of I.B., we find

4. *See also Com. v. Figueroa, supra.*

the evidence sufficient to support the verdict.

¶ 15 Judgment of sentence affirmed.