816 A.2d 1097

COMMONWEALTH of Pennsylvania, Appellee

v.

Kenneth D. TATE, Appellant.

Supreme Court of Pennsylvania.

Argued Dec. 4, 2002.

Decided Feb. 19, 2003.

Royce Leon Morris, Jerry J. Russo, Harrisburg, for Kenneth D. Tate, Appellant.

Edward Michael Marsico, Harrisburg, James Patrick Baker, Williamsport, Kimberly A. Alfieri, Hummelstown, for the Com., Appellee.

Before: CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR and EAKIN, JJ.

## OPINION

Justice EAKIN.

On October 6, 1999, 14–year–old IB was walking home from school when appellant pulled up beside her in his black Lexus, asked her if he knew her, and then told her to get in the car. She refused, went home, and told her grandmother of the incident. IB described appellant as a black male wearing a black baseball cap, blue hooded sweatshirt, and sunglasses. IB saw appellant driving the same car later that day, and again the next day. On October 18, 1999, IB picked out appellant's photograph at the police station; she later identified him at trial. Appellant was convicted of luring a child into a motor vehicle, 18 Pa.C.S. § 2910, which provides:

A person who lures a child into a motor vehicle without the consent, express or implied, of the child's parent or guardian, unless the circumstances reasonably indicate that the child is in need of assistance, commits a misdemeanor of the first degree.

18 Pa.C.S. § 2910.

Appellant argues that as the evidence shows the child did not get into the vehicle, the section with which he was charged was not violated. He contends § 2910 cannot be interpreted to include the inchoate offense of attempt to lure a child into a vehicle. Based on a line of its own cases,[1] the Superior Court determined that attempted luring is included within § 2910. The Superior Court noted all of the cases interpreting § 2910 involved the attempted luring of a child into a motor vehicle. *Commonwealth v. Tate*, 789 A.2d 229, 231 (Pa.Super.2002). The court reasoned its prior decisions indicated that luring a child could be viewed as an inchoate offense intended to deter the completed offenses of kidnapping, unlawful restraint, assault, or sexual offenses. *Id.* Thus,

1. *Commonwealth v. Nanorta*, 742 A.2d 176 (Pa.Super.1999); *Commonwealth v. Figueroa*, 436 Pa.Super. 569, 648 A.2d 555 (1994); *Commonwealth v. McClintock*, 433 Pa.Super. 83, 639 A.2d 1222 (1994); and *Commonwealth v. Adamo*, 431 Pa.Super. 529, 637 A.2d 302 (1994).

the Superior Court opined, "the statutory usage of the phrase luring a child 'into' a motor vehicle may be understood to recite the prohibited object of the crime rather than describe an element of the crime." *Id.* The court also relied on a subcommittee note for support. *See* Pa. Standard Jury Instruction 15.2910 (sponsor's aim: to make luring a crime where kidnapping not completed). The Superior Court concluded § 2910 is an absolute prohibition to inviting unknown children into vehicles. *Tate,* at 231.

We cannot agree with this interpretation of the language of § 2910, no matter how desirable that result may be. Appellant did not lure IB into a car. He may have tried to do so, but he was unsuccessful. Unsuccessful attempts at criminality may still be punished, but the offense is criminal attempt, 18 Pa.C.S. § 901. Appellant was not charged with attempt, for reasons beyond the record. Statutes that make an attempt to accomplish something sufficient to complete the crime say so explicitly. See, e.g., simple assault, 18 Pa.C.S. § 2701, aggravated assault, 18 Pa.C.S. § 2702; and robbery, 18 Pa.C.S. § 3701(2). The definition of this offense does not do so.

Courts must look to the plain meaning of the words in a statute. *See* 1 Pa.C.S. §§ 1901, 1903; *see also Commonwealth v. Booth,* 564 Pa. 228, 766 A.2d 843 (2001) (citation omitted). Penal statutes are to be strictly construed. 1 Pa.C.S. § 1928(b)(1). If the legislature intended to make offering a ride to a child a crime, it could easily have drafted the statute accordingly; instead, the plain words of the offense require proof that the child was lured into the vehicle, not that an effort to do so was made. If the legislature wishes the invitation to be sufficient, it must say so. If the Commonwealth wishes to prosecute the invitation, it must charge criminal attempt. It is not a court's place to imbue the statute with a meaning other than that dictated by the plain and unambiguous language of the statute. *See* 1 Pa.C.S. §§ 1921(a), (b). "[A] court may not achieve an acceptable construction of a penal statute by reading into the statute terms that broaden its scope." *Booth,* at 846.

The plain meaning of the statute does not include the inchoate offense of attempting to lure a child into a motor vehicle. Therefore, we are constrained to vacate the judgment of sentence.

The Superior Court's order is reversed; the judgment of sentence is vacated.

Former Chief Justice ZAPPALA did not participate in the consideration or decision of this case.