**Commonwealth v. Cordoba**

354

C.P. of Berks County, no. 99/04.

*Adam Bompadre, assistant district attorney,* for the Commonwealth.
*Eric Parisi,* for defendant.

BUCCI, *J.,* August 2, 2004—A hearing on defendant's motion for omnibus pretrial motion for relief was held before this court on April 2, 2004. On May 24, 2004, this court granted the defendant's motion for habeas corpus relief. The Commonwealth filed a timely notice of appeal to the Superior Court of Pennsylvania on June 23, 2004. Pursuant to the June 29, 2004 order of this court, and in accordance with Pa.R.A.P. 1925(b), the Commonwealth submitted a concise statement of matters complained of on appeal.

In this concise statement, the Commonwealth sets forth two issues. First the Commonwealth claims that the court erred in granting the defendant's motion for a writ of

habeas corpus because there was no transcript of the preliminary hearing for the court to review. This argument is without merit for two reasons. First, the Commonwealth had ample opportunity to provide the court a transcript, if such transcript even exists, prior to the omnibus pretrial hearing and failed to do so. Defense counsel filed a motion for omnibus pretrial relief in January of 2004. The hearing did not take place until April 2, 2004. The Commonwealth cannot now complain that the court failed to review evidence, which they have failed to provide.

Secondly, the Commonwealth had the opportunity at the hearing to present not only all the evidence they presented at the preliminary hearing, but even to present additional evidence. See *Commonwealth v. Keller*, 823 A.2d 1004 (Pa. Super. 2003). "Although a habeas corpus hearing is similar to a preliminary hearing, in a habeas corpus proceeding, the Commonwealth has the opportunity to present additional evidence to establish that the defendant has committed the elements of the offense charged." *Keller* at 1010, quoting *Commonwealth v. Fountain*, 811 A.2d 24, 25 (Pa. Super. 2002). The Commonwealth had the opportunity to present all the evidence presented at the preliminary hearing as well as any additional evidence to establish a prima facie case. Therefore, the Commonwealth was not prejudiced by the lack of a transcript from the preliminary hearing.

The Commonwealth's concise statement also contains the blanket statement that the court erred in granting the defendant's motion for a writ of habeas corpus "because the Commonwealth established a prima facie case." Concise statement (CS) at 1. Since the issue at hand in all

habeas corpus hearings is whether the Commonwealth has established a prima facie case, the court feels that this statement is too vague to assist the court in any way. We will nonetheless attempt to address the Commonwealth's appeal.

The Commonwealth has charged the defendant with recklessly endangering another person[1] on the grounds that the defendant had "unprotected" *consensual* sex with the alleged victim without informing the alleged victim that he was infected with human immunodeficiency virus (HIV).

HIV is a deadly epidemic that has created serious challenges to society as a whole and to the criminal justice system. Often, the law lags behind new developments in science and technology. With respect to HIV and acquired immune deficiency syndrome (AIDS), however, the legislature has had the opportunity to address the issues and has seen fit to pass several laws. For example, there are statutory prohibitions on prisoners, making it a crime for them to expose guards to HIV-positive bodily fluids. 18 Pa.C.S. §2703.[2] Similarly, the legislature has enacted legislation elevating prostitution from a misdemeanor to

---

1. 18 Pa.C.S. §2705.

2. Section 2703 of the Crimes Code states that a person, while confined in a correctional facility or in the process of being transported to or from such facility "is guilty of this offense if he intentionally or knowingly causes another to come into contact with blood, seminal fluid, saliva, urine or feces by throwing, tossing, spitting, or expelling such fluid or material when, at the time of the offense, the person knew, had reason to know, should have known or believed such fluid or material to have been obtained from an individual, including the person charged under this section, infected by a communicable disease, including but not limited to, human immunodeficiency virus (HIV) or Hepatitis B."

a felony where the defendant engages in prostitution knowing he or she is HIV positive. 18 Pa.C.S. §5902.[3]

But the legislature, despite having ample opportunity to do so, has not expanded such laws to the general public. The State of Pennsylvania has not criminalized the act of having consensual sex while knowingly carrying a sexually transmitted disease. Perhaps the legislature considered the fact that those with HIV and AIDS already bear a heavy burden, and to further stigmatize them would accomplish little. Further, this court has found no case law in which individuals, other than prisoners[4] and prostitutes, have been successfully prosecuted under 18 Pa.C.S. §2705 for engaging in behavior which may spread HIV or AIDS to others. Penal statutes are to be strictly construed. *Commonwealth v. Tate,* 572 Pa. 411, 816 A.2d 1097 (2003). "[A] court may not achieve an acceptable construction of a penal statute by reading into the statute terms that broaden its scope." *Tate* at 413, 816 A.2d at 1098. (citation omitted) Therefore, this court

3. Under section 5902(a) prostitution is a third-degree misdemeanor, however section 5902 (a.1) states that "[a]n offense under subsection (a) (prostitution) constitutes a felony of the third degree if the person who committed the offense was knowingly human immunodeficiency virus (HIV)-positive or infected with the acquired immune deficiency syndrome (AIDS) virus."

4. In *Commonwealth v. Brown,* 413 Pa. Super. 421, 605 A.2d 429 (1992), the defendant was charged with reckless endangerment of another in violation of 18 Pa.C.S. §2705 and the Superior Court upheld the decision to deny the defendant's petition for habeas corpus relief, but this case is distinguishable on two grounds: First, the defendant is a prisoner, and therefore does not contradict this court's argument that there is no case law in this area relating to those other than prisoners and those engaged in prostitution. Additionally, the facts did not involve consensual sexual relations but rather the throwing of feces onto a prison guard.

will not expand 18 Pa.C.S. §2705 to include a potentially huge range of behavior that could not have been contemplated by the legislature at the time of passage. Furthermore, as a practical matter, prosecution under this statute could lead to absurd results. Consent is not a defense to the offense of reckless endangerment. *Commonwealth v. Mathis,* 317 Pa. Super. 362, 464 A.2d 362 (1983). Thus, under the Commonwealth's theory, even if an HIV-positive individual informs his or her partner of this status prior to engaging in unprotected sexual activity, the statute would still be violated. A person carrying an infectious disease would commit a crime every time he/she had consensual sex. This is an absurd result, as individuals in this Commonwealth are free to make such intimate decisions outside the glare of state scrutiny. Lastly, allowing an HIV-positive individual to be prosecuted under this statute for allegedly having consensual sexual contact with another adult would open the floodgates to jilted lovers and angry spouses to file charges after a relationship has soured.

The court granted the defendant's motion primarily for the foregoing reasons. However, even if the court agreed that the statute was applicable, the Commonwealth must produce evidence of each element of the offense charged, which it failed to do. See *Commonwealth v. Engle,* 847 A.2d 88, 91 (Pa. Super. 2004). In the instant case, the defendant, Samuel Cordoba, is charged with "recklessly endangering another person" in violation of 18 Pa.C.S. §2705. Therefore, at the hearing on April 2, 2004, the Commonwealth was required to present evidence that the defendant "recklessly engaged in conduct which place(d) or may (have placed) another person in danger of death or serious bodily injury." 18 Pa.C.S.

§2705. In order to find recklessness, the Commonwealth must demonstrate that the defendant knew that his conduct could or would place others in harm's way, and that he engaged in such conduct despite this risk. "The mens rea for recklessly endangering another person is 'a conscious disregard of a *known* risk of death or great bodily harm to another person.'" *Commonwealth v. Klein,* 795 A.2d 424, 427-28 (Pa. Super. 2002) (emphasis added), quoting *Commonwealth v. Hopkins,* 747 A.2d 910, 915-16 (Pa. Super. 2000). See also, *Commonwealth v. Peer,* 454 Pa. Super. 109, 684 A.2d 1077 (1996). Thus, in order to establish a prima facie case, the Commonwealth must present some evidence that the defendant knew of the risk at the time of his actions. Here, the Commonwealth failed to satisfy the "mens rea" element. At the hearing, there was evidence that the defendant was aware of his diagnosis two weeks after his last sexual encounter with the victim. See notes of testimony at 5 (NT). The alleged victim stated he last had sexual relations "approximately two weeks, give or take, prior to me making the report, initial report." NT at 5. There is no evidence that the defendant knew he was HIV-positive when he had sexual contact with the alleged victim. On direct examination, the alleged victim stated that he didn't ask the defendant when he was diagnosed with the disease, but only that he was presently infected. This conversation occurred two weeks after their last sexual encounter. See NT at 19. Corporal Joseph Geczi of the Berks Regional Police Department testified that, when he contacted the defendant regarding the allegations against him, the defendant indicated that he knew he was HIV-positive and also stated that Mr. Chernak (the alleged victim) knew he was HIV-positive. NT at 23. Corporeal

Geczi did not, however, testify that the defendant knew he was HIV-positive at the time he came into contact with Mr. Chernak. NT at 23. There is no evidence that the defendant had a "conscious disregard of a known risk of death or great bodily harm" to the alleged victim. The Commonwealth failed to establish the necessary mens rea element of the offense charged. Therefore, the court did not err in granting the defendant's motion for habeas corpus relief.

Unless the Commonwealth demonstrates that the defendant had HIV at the time of the contact with the victim, not only is the mens rea lacking, but the actual ability to cause death or bodily harm has not been demonstrated. It is well established that there can be no conviction for reckless endangerment without a present ability to inflict harm. See *Commonwealth v. Gouse,* 287 Pa. Super. 120, 429 A.2d 1129 (1981). "In construing the Crimes Code section on recklessly endangering, this court has recently determined that the common-law assault requirement of actual present ability to inflict harm must be shown in order to support a conviction under the statute." *Gouse* at 124, 429 A.2d at 1131. Further, "the mere apparent ability to inflict harm is not sufficient. Danger, and not merely the apprehension of danger, must be created." *Commonwealth v. Reynolds,* 835 A.2d 720, 728 (Pa. Super. 2003) (holding that, although pointing an unloaded gun would generally not be sufficient to support a conviction for recklessly endangering another person, where the Commonwealth presented evidence that there was at least one bullet in the gun, a conviction could stand). Without evidence that the defendant was, in fact, HIV-positive at the time he had sexual contact with the alleged victim, the Common-

wealth has not demonstrated an actual ability to cause harm. Thus, the court did not err in granting the defendant's motion.

Finally, there was no evidence regarding the means by which HIV is transmitted. The Commonwealth did not present an expert to testify that HIV can be transmitted through the types of sexual contact that occurred between the defendant and the alleged victim. The alleged victim testified that he and the defendant "attempted" (unsuccessfully) to engage in anal sexual intercourse, and that he and the defendant engaged in oral sex. NT at 18-19. There is nothing in the record, however, to suggest that oral sex is a known means for the spread of HIV or AIDS. Nor is there evidence that the defendant knew or should have known that oral sex created a risk that his HIV infection could be transmitted. Again, there is no evidence this defendant had a "conscious disregard of a known risk of death or great bodily harm" to the alleged victim. See 18 Pa.C.S. §2705.

"A prima facie case consists of evidence, read in the light most favorable to the Commonwealth, that sufficiently establishes both the commission of a crime *and that the accused is probably the perpetrator of that crime." Engle, supra* at 91. (emphasis added) At the omnibus pretrial hearing, there was no identification of the defendant by any of the Commonwealth's witnesses. See notes of testimony, generally. Therefore, even if the Commonwealth had established that a crime occurred, they certainly did not establish that the defendant is the likely perpetrator of such crime. Thus, the court did not err in granting the defendant's motion for habeas corpus relief.

"The decision to grant or deny a petition for writ of habeas corpus will be reversed on appeal only for a manifest abuse of discretion." *Engle* at 90. This court respectfully submits that, based on the foregoing facts and arguments, the decision to grant the defendant's motion for habeas corpus relief was not abuse of discretion and requests that the Commonwealth's appeal be denied.