### COMMONWEALTH of Pennsylvania, Appellee,

### v.

### Chester SIMS, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 26, 2005.

Filed Aug. 10, 2005.

Karl Baker, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: DEL SOLE, P.J., GANTMAN, and OLSZEWSKI, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Chester Sims, appeals from his judgment of sentence and asks us to determine whether the court erred in convicting him of attempted escape. Specifically, Appellant claims the court improperly found him guilty of criminal attempt where the Commonwealth did not charge him with that offense. After careful review, we hold the court erred when it found Appellant guilty of attempted escape, where the Commonwealth did not separately charge him with the attempt offense. Accordingly, we are constrained to reverse Appellant's conviction and vacate the judgment of sentence.

¶ 2 The relevant facts and procedural history of this case are as follows. On July 24, 2003, Appellant was a passenger on a prisoner transport van parked at the Philadelphia Central Holding Center. A ramp leading to a public street was accessible nearby. Officer Ortiz opened the van door to permit Officer Jones to escort another prisoner into the van. To make room for this prisoner, Officer Jones directed Appellant, who was seated in the rear of the vehicle, to come forward and step out briefly. Officer Jones extended his left arm to hold the door and create a barrier to Appellant's further movement. The officer's arm rested on the small of Appellant's back as Appellant stood between the officer and the van. As the new prisoner stepped up into the van, Appellant tried to duck under Officer Jones' arm. Officer Jones physically restrained Appellant, secured him, and reported the incident.

¶ 3 The Commonwealth charged Appellant with escape. Appellant waived his right to a jury trial. On January 23, 2004,

the court convicted Appellant of attempted escape. The court deferred sentencing to allow for preparation and review of a pre-sentence investigation report. On March 8, 2004, the court sentenced Appellant to 21 to 42 months' incarceration with 12 months' consecutive probation. Appellant filed a timely notice of appeal and Rule 1925(b) statement.

¶ 4 Appellant presents the following issues for our review:

CAN APPELLANT BE CONVICTED OF CRIMINAL ATTEMPT, A CRIME WITH WHICH HE WAS NEVER CHARGED, WHEN THE DEFINITION OF ESCAPE, THE UNDERLYING SUBSTANTIVE CHARGE, DOES NOT PROSCRIBE ATTEMPTS?

WAS THE EVIDENCE, CONSISTING OF TESTIMONY BY A POLICE OFFICER WHO HIMSELF WAS UNABLE TO CONCLUDE THAT APPELLANT WAS ATTEMPTING TO ESCAPE, INSUFFICIENT TO SUPPORT THE VERDICT BECAUSE IT FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT ATTEMPTED TO OR INTENDED TO ESCAPE?

(Appellant's Brief at 3).[1]

¶ 5 Appellant first claims the Commonwealth did not charge him with criminal attempt. Specifically, Appellant asserts criminal attempt and escape are separate offenses under the Pennsylvania Crimes Code, and where the statutory definition of a crime does not expressly proscribe attempt, a conviction for attempt is proper only if attempt is charged as a separate offense. Appellant also contends the evidence was insufficient to convict. In this regard, Appellant insists Officer Jones'

testimony supported two equally reasonable and mutually inconsistent inferences that: 1) Appellant attempted to escape, or 2) Appellant merely moved aside to accommodate another prisoner entering the van. Appellant insists the court arbitrarily chose which inference to adopt. According to Appellant, the court's verdict cannot stand, because it rested upon conjecture and speculation. Thus, Appellant concludes his conviction should be reversed. After careful review, we are constrained to agree. We conclude the Court improperly convicted Appellant of an offense with which he had not been charged. Due to our disposition of this issue, we need not address Appellant's alternative allegation of evidentiary insufficiency.

¶ 6 This case involves the interpretation and application of *Commonwealth v. White,* 232 Pa.Super. 176, 335 A.2d 436 (1975), *Commonwealth v. Cunningham,* 248 Pa.Super. 219, 375 A.2d 66 (1977), and *Commonwealth v. Danko,* 281 Pa.Super. 97, 421 A.2d 1165 (1980), in light of our Supreme Court's recent pronouncement in *Commonwealth v. Tate,* 572 Pa. 411, 816 A.2d 1097 (2003).

¶ 7 In *White* the Commonwealth charged the defendant with indecent assault. *Id.* at 180, 335 A.2d 436. Following a bench trial, the court found the defendant guilty of attempted indecent assault even though the defendant had not been charged with attempt. *Id.* On appeal, this Court acknowledged that former 18 P.S. § 5107, permitting a conviction for an attempt upon an indictment charging only the substantive crime, had been repealed and had not been replaced by a similar provision.[2] Nevertheless, the *White* court

---

1. We have reordered Appellant's issues for ease of discussion.

2. Former Section 5107 provided:

If, on the trial of any person charged with felony or misdemeanor, it shall appear to the jury upon the evidence, that the defendant did not complete the offense charged,

affirmed the judgment of sentence because "neither the Crimes Code nor the Pennsylvania Rules of Criminal Procedure contain[s] any provision requiring a conviction of the substantive offense, as distinguished from attempt, when the indictment charges the actual offense." *Id.* at 182, 335 A.2d 436.

¶ 8 In *Cunningham, supra,* the Commonwealth charged the defendant with attempted acquisition of a controlled substance. An attempt to acquire a controlled substance is not a crime under the Drug, Device and Cosmetic Act. *Id.* at 67. Instead, the Act proscribes the actual "acquisition or obtaining of possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge." *Id.* (quoting 35 P.S. § 780–113(a)(12)). A jury convicted the defendant of attempted acquisition, and the trial court granted the defendant's motion in arrest of judgment. *Id.* On appeal, in reliance on *White,* this Court concluded the jury had properly convicted the appellant of attempt. Citing *White,* this Court reasoned: "[A] person indicted for a specific crime may be found guilty of an attempt to commit that crime under the same indictment." *Id.* Accordingly, this Court vacated the trial court's order arresting judgment. *Cunningham, supra* at 221, 375 A.2d 66 (citing *White, supra* ).

¶ 9 In *Danko, supra,* the defendant agreed to engage in oral sex for a fee and accepted payment. However, she was immediately arrested and did not actually engage in any sexual activity. The Commonwealth charged the defendant with criminal solicitation and prostitution. Section 5902 of the Crimes Code provides that a person is guilty of prostitution if he or she "is an inmate of a house of prostitution or otherwise engages in sexual activity as a business[.]" 18 Pa.C.S.A. § 5902(a). The court convicted the defendant of prostitution. On appeal, this Court noted that had the defendant been charged with attempted prostitution, the trial court would have had little difficulty establishing her guilt, for her actions were sufficient to prove a "substantial step toward the commission of the crime." 18 Pa.C.S.A. § 901(a). The Court noted, "[A] conviction for an attempt may be found even on an indictment charging the completed crime." *Id.* (citing *Cunningham, supra; White, supra* ). The *Danko* court ultimately concluded the trial court properly convicted the appellant of prostitution because her actions were sufficient to prove she engaged in sexual activity as a business. The preceding cases plainly espouse the principle that a defendant can be found guilty of an attempted crime even though he or she did not complete the offense and was not charged with an attempt. *White, supra; Cunningham, supra; Danko, supra.*

■ ¶ 10 Recently, however, our Supreme Court has ruled to the contrary. In *Tate, supra,* the defendant asked a minor female to get into his car. She refused and reported the incident to her family, who contacted the police. The police arrested the defendant and charged him with luring. Luring is defined in the Crimes Code as follows:

but was guilty only of an attempt to commit the crime, he shall not by reason thereof be entitled to be acquitted, but the jury may return, as their verdict, that the defendant is not guilty of the felony or misdemeanor charged, but is guilty of an attempt to commit the same.

Act of June 24, 1939, P.L. 872, § 1107 (formerly codified at 18 P.S. § 5107 (1963)) (repealed by Act of December 6, 1972, P.L. 1482, § 5).

**§ 2910. Luring a child into a motor vehicle**

A person who lures a child into a motor vehicle without the consent, express or implied, of the child's parent or guardian, unless the circumstances reasonably indicate that the child is in need of assistance, commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 2910. At trial, it was undisputed that the child did not enter the vehicle. The trial court charged the jury that Section 2910 prohibited offering rides to children under any invitational pretext. The jury convicted the defendant of the luring charge. On direct appeal, the defendant argued the court's charge was tantamount to instructing the jury he could be convicted of attempt even though the Commonwealth had not charged him with attempt. The Superior Court affirmed the judgment of sentence, determining that "attempted luring is included within [Section] 2910." *Tate* at 412, 816 A.2d at 1097. The Supreme Court granted allowance of appeal to determine whether Section 2910 can be "interpreted to include the inchoate offense of attempt to lure a child into a vehicle." *Id.* The Supreme Court reversed the Superior Court, reasoning:

We cannot agree with [the Superior Court's] interpretation of the language of § 2910, no matter how desirable that result might be. Appellant did not lure [the child] into the car. He may have tried to do so, but he was unsuccessful. Unsuccessful attempts at criminality may still be punished, but the offense is criminal attempt, 18 Pa.C.S. § 901. Statutes that make an attempt to accomplish something sufficient to complete the crime say so explicitly. *See, e.g.,* simple assault, 18 Pa.C.S. § 2701; aggravated assault, 18 Pa.C.S. § 2702; and robbery, 18 Pa.C.S. § 3701(2). The defi-

nition of this offense [luring a child, § 2910] does not do so.

Courts must look to the plain meaning of the words in a statute. Penal statutes are to be strictly construed. If the legislature intended to make offering a ride to a child a crime, it could easily have drafted the statute accordingly; instead, the plain words of the offense require proof that the child was lured into the vehicle, not that an effort to do so was made. If the legislature wishes the invitation to be sufficient it must say so. If the Commonwealth wishes to prosecute the invitation, it must charge criminal attempt. It is not a court's place to imbue the statute with a meaning other than that dictated by the plain and unambiguous language of the statute. A court may not achieve an acceptable construction of a penal statute by reading into the statute terms that broaden its scope.

The plain meaning of the statute does not include the inchoate offense of attempting to lure a child into a motor vehicle. Therefore we are constrained to vacate the judgment of sentence.

*Tate* at 413–14, 816 A.2d at 1098 (some internal citations omitted). Thus, the *Tate* Court held that where a criminal statute does not explicitly make an attempt sufficient to complete the crime, a conviction for the incomplete crime cannot stand if attempt has not been separately charged and proven. *Id.*

¶ 11 The trial courts and intermediate appellate courts in our Commonwealth are obligated to follow and apply the decisions of the Pennsylvania Supreme Court. *Commonwealth v. Tilghman,* 543 Pa. 578, 673 A.2d 898 (1996). If a majority of the Justices on the Supreme Court "join in issuing an opinion, [the] opinion becomes binding precedent on the courts of this Commonwealth. Our majority opinion

is binding not only on the parties before us, under the doctrine of law of the case, but is [also] precedent as to different parties in cases involving substantially similar facts, pursuant to the rule of *stare decisis.*" *Id.* at 588, 673 A.2d at 903.

¶ 12 The statute proscribing and defining escape provides, in pertinent part, as follows:

### § 5121. Escape

(a) **Escape.**—A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period.

18 Pa.C.S.A. § 5121(a).

¶ 13 Instantly, Officer William Jones testified he had Appellant under physical control when the new passenger approached the van. Officer Jones stated: "I had my arm on the door that swings out, I had my arm on the door and [Appellant] was standing right next to me with my arm on the small of his back. So it was like a hug, it was like I was hugging him, that's how close we were." (N.T. Trial, 1/23/04, at 17). Officer Jones testified Appellant tried to duck under the officer's arm as the new passenger boarded the van. The court asked the officer where, if anywhere, did Appellant go after he tried to duck under the officer's arm. The following exchange ensued:

THE WITNESS: He didn't go anywhere. Like I say, he tried to duck under my arm.

THE COURT: How far away from you, after he ducked under you, how far away did he get?

THE WITNESS: He didn't get anywhere, that's what I'm trying to say. He tried to duck under my arm. When he ducked under my arm, he lost his footing. Actually still on the side, just slightly in back of me now.

THE COURT: Did he ever lose contact with your arm?

THE WITNESS: No.

THE COURT: Whole time?

THE WITNESS: He couldn't. I moved my arm after that[.] [O]nce I felt him try to duck under my arm, [I] turned around, he was right there. He never even got anywhere.

THE COURT: Thank You. Now I'm done. Thank you. sir. Anything else?

(*Id.* at 31–32). Following closing arguments, the trial court asked the Commonwealth's attorney, "I was wondering in my mind, why you didn't charge him with attempt? Because that seems to be more on point here[.]" (*Id.* at 35). Shortly thereafter, the court held a brief recess to review the holdings in *White, supra, Cunningham, supra,* and *Danko, supra.* When trial resumed, the court stated as follows:

[The] Pennsylvania Superior Court has concluded a conviction for attempt may be found on [an] indictment charge and not [the] complete[d] crime. So I think it's an attempted escape based on the evidence I heard. My only concern was to be sure I was following the letter of the law and I feel comfortable now that I can find him guilty of the attempted escape and that's what I find him guilty of. All right.

(*Id.* at 38–39).

¶ 14 We must disagree with the court's analysis. Here, the Commonwealth did not charge Appellant with attempted escape. *See Tate, supra.* The plain language of the statute defining and proscribing escape does not say an attempted escape is sufficient to constitute the completed crime. *See id.;* 18 Pa. C.S.A. § 5121. Appellant may have at-

tempted to unlawfully remove himself from official detention, but he was surely unsuccessful. Unsuccessful attempts at criminality may still be punished, but the offense to be punished is criminal attempt. *See Tate, supra;* 18 Pa.C.S.A. § 901. We cannot imbue the statute with a meaning other than that dictated by its plain and unambiguous language or read into the statute terms that broaden its scope. *See Tate, supra.* The trial court was obligated to follow and apply our Supreme Court's holding in *Tate. See Tilghman, supra.* Thus, we conclude the court improperly relied on the decisions in *White, Cunningham* and *Danko* to adjudicate Appellant guilty of attempted escape.

¶ 15 Based on the foregoing, we hold the court erred when it found Appellant guilty of attempted escape, where the Commonwealth did not separately charge him with the offense of attempt. Accordingly, we are constrained to reverse Appellant's conviction and vacate the judgment of sentence. Given our disposition, we need not address Appellant's remaining issue alleging the evidence was insufficient to sustain the verdict.

¶ 16 Judgment of sentence vacated.