**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**James McCOLLUM, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 9, 2007.

Filed June 6, 2007.

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: STEVENS, McCAFFERY, and KELLY, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following Appellant's conviction for attempted theft by unlawful taking. Appellant contends (1) the trial court improperly convicted Appellant of attempted theft by unlawful taking since he was never charged with such an offense, and (2) the evidence was insufficient to sustain Appellant's conviction. We affirm.

¶ 2 The relevant facts and procedural history are as follows: Appellant was arrested and charged with robbery, 18 Pa. C.S.A. § 3701, theft by unlawful taking or disposition, 18 Pa.C.S.A. § 3921, receiving stolen property, 18 Pa.C.S.A. § 3925, making terroristic threats, 18 Pa.C.S.A. § 2706, and simple assault, 18 Pa.C.S.A. § 2701. Represented by counsel, Appellant proceeded to a waiver trial on June 10, 2005, at which the sole witness was Police Officer Lynne Zirilli, who testified as follows: On February 2, 2005, at approximately 6:56 p.m., Officer Zirilli, who was on duty in plainclothes, was in the 800th block of Dickinson Street when she observed Appellant and his cohort following an elderly man of Asian descent. N.T. 6/10/05 at 6–7. Appellant and his cohort followed the elderly man South on 9th Street and up towards Tasker Street. N.T. 6/10/05 at 7. A marked police car drove by, and Appellant and his cohort slowed their pace. N.T. 6/10/05 at 7. Appellant and his cohort stopped at the corner of 7th Street and Tasker and the elderly man continued on Tasker Street. N.T. 6/10/05 at 8.

¶ 3 Because it appeared that Appellant and his cohort were watching pedestrians closely, Office Zirilli and her partner exited their unmarked police car and followed Appellant and his cohort on foot. N.T. 6/10/05 at 8. Officer Zirilli watched as Appellant and his cohort approached another man of Asian descent and talked to him for a few moments. N.T. 6/10/05 at 10. Appellant and his cohort then walked across the street and watched as the man of Asian descent walked south on 7th Street. N.T. 6/10/05 at 10. Suddenly, Appellant and his cohort ran south on 7th Street, approached the man of Asian descent, and began struggling with him. N.T. 6/10/05 at 9. Specifically, Appellant and his cohort grabbed at the man's arms, pushed him, and tried to grab the man's cell phone, which the man was holding in his hand. N.T. 6/10/05 at 10, 14. The man was able to retain his cell phone, extricated himself from the incident, and ran into a nearby garage. N.T. 6/10/05 at 11. Officer Zirilli and her partner approached Appellant, who ran from the scene but was apprehended at 9th and Dickinson Streets by other officers. N.T. 6/10/05 at 12.

¶ 4 At the conclusion of the trial, the trial court convicted Appellant of attempted theft by unlawful taking as a misdemeanor of the first degree. N.T. 6/10/05 at 18. Appellant was acquitted of all other charges. On October 14, 2005, the trial court sentenced Appellant to one year of probation, and this timely appeal followed. By order filed on February 10, 2006, the trial court ordered Appellant to file a Pa. R.A.P. 1925(b) statement, and Appellant properly complied on February 23, 2006. The trial court subsequently filed a Pa. R.A.P. 1925(a) opinion.[1]

¶ 5 Appellant's first contention is that the trial court improperly convicted Appellant of attempted theft by unlawful taking since the Commonwealth charged Appellant with theft by unlawful taking only and not criminal attempt. The issue is whether a defendant may be convicted of an attempt crime where he has been charged only with the substantive offense.

¶ 6 This precise issue was addressed recently by the Pennsylvania Supreme Court in *Commonwealth v. Sims*, 591 Pa. 506, 919 A.2d 931 (2007), wherein the Supreme Court held that the defendant could be convicted of an attempt crime (attempted escape) as a lesser-included offense of the substantive crime (escape), for which the defendant had been charged. In so holding, the Supreme Court reasoned:

> Historically, the settled law in Pennsylvania has been that a defendant may be convicted of an offense that is a lesser-included offense of the crime actually charged. This doctrine "promotes judicial economy," "avoids inconsistent results," and enhances "the quality of jury deliberations by assuring that factfinders, informed of the option of convicting of related offenses, focus their attention on the presence or absence of those elements that distinguish the greater or lesser offenses."

\* \* \*

Just as it requires a criminal statute to give fair warning of the conduct pro-scribed, due process requires that the criminal information provide fair notice of every crime of which a criminal defendant is accused. To comport with due process, the notice provided must be sufficiently specific so as to allow the defendant to prepare any available defenses should he exercise his right to a trial. Such notice ensures that, if the Commonwealth prevails at trial, the defendant's conviction is not arbitrary or oppressive. It is these due process concerns that the proper definition of lesser-included offenses must take into account.

\* \* \*

Attempt crimes are classic lesser-included offenses; indeed, an attempt crime is defined only with relation to the completed crime. Thus, under any rational approach, attempted escape is clearly a lesser-included crime of escape, i.e., it is an "attempt ... to commit the offense charged," Model Penal Code § 1.07(4)(b), and [the] appellee was charged with escape in the instant case. *Therefore, we hold that the fact that [the] appellee had been charged only with escape did not preclude the trial court from convicting him of attempted escape.*

*Sims*, 591 Pa. at 517–24, 919 A.2d at 938–942 (citations, quotations, and footnote omitted) (emphasis added).[2]

---

1. The Commonwealth has filed an application for post-submission communications. Specifically, the Commonwealth requests we consider the Supreme Court's opinion in *Commonwealth v. Sims*, 591 Pa. 506, 919 A.2d 931 (2007). We grant the Commonwealth's application.

2. In his appellate brief, Appellant cites to this Court's opinion in *Commonwealth v. Sims*, 883 A.2d 593 (Pa.Super.2005), *reversed*, 591 Pa. 506, 919 A.2d 931 (2007), and the Supreme Court's opinion in *Commonwealth v. Tate*, 572 Pa. 411, 816 A.2d 1097 (2003), in support of his argument that he was improperly convicted of criminal attempt since he was charged with the substantive offense only. The Supreme Court reversed this Court's decision in *Sims*, and therefore, such cannot provide relief in this case. Moreover, in *Sims*, 591 Pa. at 523–26, 919 A.2d at 942–943, the Supreme Court discussed its opinion

¶ 7 Applying *Sims* to the case *sub judice*, we conclude that, even though Appellant was not charged with criminal attempt, the trial court properly convicted Appellant of attempted theft by unlawful taking since such is a lesser-included offense of theft by unlawful taking, for which Appellant was charged. *See id.* Therefore, we find Appellant's first claim to be meritless.

¶ 8 Appellant's next claim is that the evidence was insufficient to sustain his conviction for attempted theft by unlawful taking. Specifically, he contends there is insufficient evidence establishing that Appellant attempted to take anything from the alleged victim.

¶ 9 "The law is settled in this Commonwealth that in reviewing the sufficiency of the evidence, the appellate court is required to review all the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, ... [as the verdict winner.]" *Commonwealth v. Earnest*, 386 Pa.Super. 461, 563 A.2d 158, 159 (1989) (citation omitted). The test is whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Swerdlow*, 431 Pa.Super. 453, 636 A.2d 1173 (1994). "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Id.* at 1176 (quotation and quotation marks omitted). Although a conviction must be based on "more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty." *Commonwealth v. Badman*, 398 Pa.Super. 315, 580 A.2d 1367, 1372 (1990) (citation omitted).

¶ 10 18 Pa.C.S.A. § 901 provides, in relevant part, that "[a] person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a). 18 Pa.C.S.A. § 3921 provides, in relevant part, that "[a] person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a).

¶ 11 Here, the evidence established that Appellant and his cohort followed an elderly man of Asian descent until the appearance of a police cruiser slowed their pursuit. They then observed another man of Asian descent, and after a first encounter, they chased after him. Appellant and his cohort pushed and grabbed at the victim, attempting to remove the cell phone from his hand. Ultimately, the victim was able to free himself and run to a nearby garage. When the police approached Appellant, he fled from the scene. The evidence was, thus, sufficient to sustain Appellant's conviction for attempted theft by unlawful taking. *See Commonwealth v. Rios*, 546 Pa. 271, 684 A.2d 1025 (1996) (fleeing from scene is evidence of consciousness of guilt); *In the Interest of J.D.*, 798 A.2d 210 (Pa.Super.2002) (where juve-

in *Tate* and concluded that *Tate* is distinguishable from the case such as that presented in *Sims* and the case *sub judice*. Specifically, the Supreme Court indicated that the defendant in *Tate* was convicted of a completed crime when he had not actually completed the crime with which he was charged. Moreover,

   *Tate* did not address, much less purport to abolish, this Court's long-standing prece-

dent regarding lesser-included offenses, and indeed, consideration of the doctrine obviously was not necessary to the decision. *Tate* said nothing to prohibit the factfinder in an appropriate case from convicting the defendant of an attempt crime in a case where the Commonwealth charged the defendant only with the completed offense. *Sims*, 591 Pa. at 525–26, 919 A.2d at 943.

nile entered a van and his co-conspirator tampered with the steering wheel, evidence sufficient to support determination juvenile was guilty of attempted theft); *Commonwealth v. Lewis,* 293 Pa.Super. 263, 438 A.2d 985 (1981) (where the appellant approached a man sleeping on a bench and lifted the stretch band of the watch above the victim's wrist but was arrested before he removed the watch, the evidence was sufficient to sustain a conviction for criminal attempt (theft)).

¶ 12 Affirmed; Commonwealth's Application for Post–Submission Communications is Granted.