J.S22032/16 & J.S22033/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA BRIAN FETTEROLF, | : | |
| | : | |
| Appellant | : | No.  1016 MDA 2015 |

Appeal from the Order Entered May 13, 2015
In the Court of Common Pleas of Union County
Civil Division No(s): CP-60-MD-0000109-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA BRIAN FETTEROLF, | : | |
| | : | |
| Appellant | : | No.  1017 MDA 2015 |

Appeal from the Judgment of Sentence May 13, 2015
In the Court of Common Pleas of Union County
Criminal Division No(s): CP-60-MD-0000340-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA BRIAN FETTEROLF, | : | |
| | : | |
| Appellant | : | No.  1645 MDA 2015 |

Appeal from the Order Entered July 21, 2015
In the Court of Common Pleas of Union County
Civil Division No(s): CP-60-MD-0000145-2015

J.S22032/16 & J.S22033/16

BEFORE:    MUNDY, J., DUBOW, J., and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:    **FILED MAY 19, 2016**

I join the Majority Memorandum insofar as it affirms Appellant's indirect criminal contempt conviction arising out of the letter referenced at Paragraph 3A.

I reluctantly concur in the result reached by the Majority in reversing Appellant's conviction for indirect criminal contempt arising out of his attempted communication with his wife via Ms. Pamela Klinger, the corrections officer.  The trial court properly found that Appellant attempted to contact his wife.  Had the trial court convicted Appellant of criminal attempt, we would affirm.  In **Commonwealth v. Sims**, 919 A.2d 931 (Pa. 2007), our Supreme Court held that an attempted crime is a lesser included offense of the completed crime.  Thus, even though not charged with the attempted crime, Appellant could have been convicted of such.

However, where a defendant does not complete the crime, he cannot be convicted of the completed crime, as was Appellant and the defendant in **Commonwealth v. Tate**, 816 A.2d 1097 (Pa. 2003), where our Supreme Court reversed the conviction and this Court.  I therefore concur.

*Retired Senior Judge assigned to the Superior Court.

- 2 -