**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PEDRO ANGEL RODRIGUEZ-FELICIANO | : | |
| | : | No. 743 MDA 2023 |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered January 9, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004663-2021

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: AUGUST 21, 2024**

Appellant, Pedro Angel Rodriguez-Feliciano, appeals from the judgment of sentence imposed following his conviction of multiple crimes stemming from his two attacks on Victim, J.W. We affirm.

In the morning of July 29, 2021, Appellant entered Victim's home while wearing a ski mask. Appellant pointed a gun at Victim, and when Victim pushed the gun away, Appellant fled. Victim then contacted the police.

Subsequently, in the early morning hours of August 1, 2021, Appellant again entered Victim's home while wearing a ski mask. On this occasion, he cut a hole in the kitchen screen and entered while Victim was sleeping. Victim awoke to Appellant covering her face and pointing a gun at her. He then

_____

[*] Retired Senior Judge assigned to the Superior Court.

began to touch her vagina. Appellant also managed to place a handcuff on one of Victim's hands, but before he could activate the other part of the handcuff, Victim succeeded in freeing herself from his control and scratching his face with her fingernails. Victim called the police as Appellant fled. She went to the hospital following the incident. Several days later, Appellant was apprehended, and his DNA matched the DNA collected from under Victim's fingernails.

On October 29, 2021, the Commonwealth filed a criminal information charging Appellant with two counts each of aggravated indecent assault and indecent assault, and one count each of burglary, criminal trespass, criminal attempt to commit kidnapping, false imprisonment, and simple assault.[1]

On October 5, 2022, a jury convicted Appellant of all charges. On January 9, 2023, the trial court sentenced Appellant to serve an aggregate term of incarceration of twenty to forty years. Appellant filed timely a post-sentence motion, which the trial court denied. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant sets forth the following issues for our review:

I. Whether there was insufficient evidence to convict [Appellant] of an attempt to kidnap where the Commonwealth presented insufficient evidence to establish he took a substantial step towards unlawfully confining [Victim?]

---

[1] 18 Pa.C.S. §§ 3125(a)(1), 3125(2), 3126(a)(2), 3126(a)(1), 3502(a)(1)(i), 3503(a)(1)(ii), 901(a)/2901(a), 2903(a), and 2701(a)(3), respectively.

II. Whether there was insufficient evidence to convict [Appellant] of an attempt to kidnap where the Commonwealth presented insufficient evidence to establish he took a substantial step towards confining [Victim] for a substantial period?

III. Whether there was insufficient evidence to convict [Appellant] of an attempt to kidnap where the Commonwealth presented insufficient evidence to establish he took a substantial step towards confining [Victim] in a place of isolation[?]

Appellant's Brief at 4 (suggested answers omitted).

Appellant's three issues present challenges concerning whether the Commonwealth established that Appellant took a substantial step toward committing three elements of the crime of kidnapping. *See* Appellant's Brief at 12-21. Specifically, he contends the Commonwealth did not prove Appellant took a substantial step towards unlawfully detaining Victim, for a substantial period of time, in a place of isolation. We address these claims together.

We analyze arguments challenging the sufficiency of the evidence under the following parameters:

Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For

purposes of our review under these principles, we must review the
entire record and consider all of the evidence introduced.

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014)
(citations omitted). "[O]ur jurisprudence does not require fact-finders to
suspend their powers of logical reasoning or common sense in the absence of
direct evidence. Instead, [the fact-finder] may make reasonable inferences
from circumstantial evidence introduced at trial." *Commonwealth v. Teems*,
74 A.3d 142, 148 (Pa. Super. 2013) (internal citation omitted).

Again, the sole conviction that Appellant challenges was that of
attempted kidnapping. The attempt statute provides that "[a] person commits
an attempt when, with intent to commit a specific crime, he does any act
which constitutes a substantial step toward the commission of that crime." 18
Pa.C.S. § 901(a). Accordingly, our Crimes Code is clear in defining the two
elements of the offense of attempt by providing: (1) that the actor intend to
commit an offense; and (2) that the actor take a substantial step toward
completion of the offense. *See Commonwealth v. McClintock*, 639 A.2d
1222, 1224 (Pa. Super. 1994).

"The substantial step test broadens the scope of attempt liability by
concentrating on the acts the defendant has done and does not any longer
focus on the acts remaining to be done before the actual commission of the
crime." *In re R.D.*, 44 A.3d 657, 678 (Pa. Super. 2012) (internal quotation
marks and citation omitted). Our Supreme Court has long observed:

> An attempt, in general, is an overt act done in pursuance of an intent to do a specific thing, tending to the end but falling short of complete accomplishment of it. In law, the definition must have this further qualification, that the overt act must be sufficiently proximate to the intended crime to form one of the natural series of acts which the intent requires for its full execution. So long as the acts are confined to preparation only, and can be abandoned before any transgression of the law or of others' rights, they are within the sphere of intent and do not amount to attempts.

*Commonwealth v. Wojdak*, 466 A.2d 991, 1001 (Pa. 1983) (quoting *Commonwealth v. Eagan*, 42 A. 374, 377 (Pa. 1899)) (emphasis omitted).

Here, the overarching question is whether there was sufficient evidence that Appellant, with intent to kidnap Victim, performed any act that was a substantial step toward the commission of that crime. The kidnapping provision of our Crimes Code states that

> a person is guilty of kidnapping if he unlawfully removes another a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines another for a substantial period in a place of isolation, with any of the following intentions:
>
> > (1) To hold for ransom or reward, or as a shield or hostage.
> >
> > (2) To facilitate commission of any felony or flight thereafter.
> >
> > (3) To inflict bodily injury on or to terrorize the victim or another.
> >
> > (4) To interfere with the performance by public officials of any governmental or political function.

18 Pa.C.S. § 2901(a). Removal or confinement is unlawful if accomplished by force, threat, or deception. *See* 18 Pa.C.S. § 2901(b).

Our Supreme Court has held that "the determination of a substantial period subsumes not only the exact duration of confinement, but also whether the restraint, by its nature, was criminally significant in that it increased the risk of harm to the victim." **Commonwealth v. Markman**, 916 A.2d 586, 600 (Pa. 2007) (citation omitted). "[T]he concept of a place of isolation is not a geographical location but rather effective isolation from the usual protections of society, and observing that one's own apartment in a city may be regarded as a place of isolation, if the circumstances of detention made discovery or rescue unlikely." **Id**. (citations and internal quotation marks omitted).

In addressing Appellant's challenge to the sufficiency of the evidence, in its Pa.R.A.P. 1925(a) opinion, the trial court elaborated as follows:

> [Appellant] contends … that the evidence was insufficient to convict him of Criminal Attempt to Kidnapping. Specifically, [Appellant] contends that the Commonwealth failed to present sufficient evidence that:
>
> - He confined the Victim,
> - He confined the Victim for a substantial period,
> - He confined the Victim for a substantial period in a place of isolation.
>
> [Appellant] was convicted of Attempted Kidnapping, not Kidnapping. All that is necessary for an attempted kidnapping is that [Appellant], with the intent to commit a specific crime, does "any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S § 901(a). As indicated in the Trial Court's Memorandum Order, it was reasonable for the jury to conclude that the act of forcefully putting handcuffs on the Victim's right wrist constituted a substantial step towards unlawfully confining the Victim, and that [Appellant] did so with the intention of either making it easier to commit Aggravated Indecent Assault and Burglary, or to inflict bodily injury on or to terrorize the Victim. (Memorandum Order, 4/19/[2023], page 7).

The issue of whether the evidence was sufficient to prove Attempted Kidnapping was addressed by the Trial Court in its Memorandum Order. Therefore, the Trial Court refers the Superior Court to the Trial Court's Memorandum Order, 4/19/23, pages 5-7.

Trial Court Opinion, 6/19/23, at 2-3 (emphases omitted).

In denying Appellant's requested relief in his post-sentence motions, the trial court authored the following:

In the instant case, [Appellant] claims that because the incident occurred in the Victim's home, it was not a "place of isolation." However, an individual can be kidnapped in their own home. *Cf. Commonwealth v. Rushinq*, 627 Pa. 59, 99 A.3d 416 (2014). In the instant case, the Victim was home alone and the incident occurred in the early morning hours. (N.T., 10/3/22; pages 99-100). Hence, the Victim was separated from the normal protections of society in a fashion that made discovery or rescue unlikely.

Moreover, [Appellant] admits that he tried to handcuff the Victim. ([Post-Sentence Motion], paragraph 23). Even without this admission, the following evidence was presented at trial:

• Detective Snell testified that [Appellant] purchased the handcuffs used during the assault at a Family Dollar days prior to the assault (N.T., 10/4/22, pages 280, 281, 284-285, 287);
• This evidence was corroborated by the testimony of Bill Mousley, an employee of Family Dollar, and surveillance footage showing [Appellant] purchasing the handcuffs and the receipt from that purchase (N.T., 10/3/22, pages 295-308);
• The Victim testified that [Appellant] used force to try to handcuff her (N.T., 10/3/22, page 102);
• [Appellant] was successful in cuffing the Victim's right hand and was in the process of using force to cuff her left hand as well (N.T., 10/3/22, page 102);
• When the police arrived, the Victim still had the handcuffs attached to her right wrist (N.T., 10/4/22, pages 169-170).

From this evidence, it was reasonable for the jury to conclude that the act of forcefully putting handcuffs on the Victim's right wrist constituted a substantial step towards unlawfully confining the Victim, and that he did so with the intention of either making it easier to commit Aggravated Indecent Assault and Burglary, or to inflict bodily injury on or to terrorize the Victim.

Given the foregoing, the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as verdict winner, support the jury's finding of all the elements of attempted kidnapping beyond a reasonable doubt.

Trial Court Order Denying Post-Sentence Motion, 4/19/23 at 6-7.

Likewise, our review establishes the Commonwealth presented evidence that Appellant took a substantial step in committing the crime of kidnapping beyond a reasonable doubt. At approximately 7:00 a.m. on July 29, 2021, Appellant entered Victim's residence wearing a ski mask and carrying a firearm that was pointed at Victim. *See* N.T., 10/3/22, at 96-98. When Victim grabbed at the gun, Appellant fled. *See id*. Thereafter, at approximately 4:00 a.m. on August 1, 2022, Appellant returned to Victim's home and entered while she was sleeping. *See id*. at 99-100. Appellant placed his hand over Victim's mouth and pointed a gun at her face. *See id*. at 100. During the incident, Appellant put a handcuff on Victim's right wrist and attempted to cuff her left wrist. *See id*. at 102. Victim testified that at one point Appellant inserted his fingers into her vagina. *See id*. at 101. Victim could not specify how long the entire incident lasted. *See id*. at 102. However, Victim was eventually able to break free from Appellant and ran to call 911. *See id*.

Viewing this evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that the Commonwealth demonstrated beyond a reasonable doubt that Appellant took a substantial step towards a kidnapping. This evidence established that Appellant confined Victim by forcefully handcuffing one of her hands at gunpoint. This conduct was done in a place of isolation, that being Victim's residence in the overnight hours, while she was asleep and alone. Moreover, it is of no moment that Victim could not testify regarding the exact period of isolation as the conviction was for an attempt to commit kidnapping and not completed kidnapping. Nevertheless, we do observe that the period of isolation was thwarted by Victim's eventually successful escape from Appellant's attack. Finally, we acknowledge that Appellant undertook this conduct to facilitate the commission of a felony, as these actions were in conjunction with Appellant unlawfully entering Victim's residence and indecently assaulting Victim. From this evidence, we agree with the trial court that the jury was able to conclude beyond a reasonable doubt that Appellant committed the crime of attempted kidnapping. His contrary claim lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 8/21/2024